1   HANSON BRIDGETT LLP
    SANDRA L. RAPPAPORT - 172990
2   JAHMAL T. DAVIS - 191504
    srappaport@hansonbridgett.com
3   jdavis@hansonbridgett.com
    425 Market Street, 26th Floor
4   San Francisco, CA 94105
    Telephone:   (415) 777-3200
5   Facsimile:   (415) 541-9366

6   Attorneys for Defendants
    AMRAT PATEL, RAMILA PATEL and SBS HOSPITALITY,
7   INC.

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11                                          CV 08        1436

12  FAROOQ KUNDIWALA and ZAREEN     No. _____
    KUNDIWALA, husband and wife,,
13                                  NOTICE OF REMOVAL OF ACTION BY
            Plaintiffs,             DEFENDANTS AMRAT PATEL, RAMILA
14                                  PATEL AND SBS HOSPITALITY, INC.
        v.
15
    AMRAT PATEL and RAMILA PATEL,
16  husband and wife, SBS HOSPITALITY,
    INC., a California corporation, SEA
17  CLIFF MOTOR INN, a partnership ,

18          Defendants.

19

20      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

21  NORTHERN DISTRICT OF CALIFORNIA:

22      PLEASE TAKE NOTICE THAT Defendants AMRAT PATEL, RAMILA PATEL

23  AND SBS HOSPITALITY, INC. hereby remove to this Court, on the basis of federal

24  question jurisdiction, the state court action described below:

25      1.  State Court Action:  On December 28, 2007, Plaintiffs Farooq Kundiwala and

26  Zareen Kundiwala ("Plaintiffs") commenced this action in the Superior Court for the State

27  of California, in and for the County of San Francisco, entitled *Farooq Kundiwala and*

28

1  *Zareen Kundiwala v. Amrat Patel, Dinoo Patel, and Sea Cliff Motor Inn, doing business*

2  *as Days Inn At The Beach,* Case No. CGC-07-470527.  A true and correct copy of the

3  Summons and Complaint filed by Plaintiffs is attached hereto as **Exhibit A**.

4          Shortly thereafter, on February 1, 2008, Plaintiffs filed a First Amended Complaint

5  For Damages and Restitution.  This First Amended Complaint names as defendants

6  Amrat Patel, Ramila Patel, SBS Hospitality Inc., and Sea Cliff Motor Inn ("Defendants").

7  The First Amended Complaint alleges causes of action for failure to pay overtime in

8  violation of the California Labor Code, liquidated damages for non-payment of overtime:

9  violation of the Fair Labor Standards Act, waiting time penalties, wage statement

10  penalties, and unfair and unlawful business practices.  True and correct copies of the

11  Summons and First Amended Complaint filed by Plaintiffs are attached hereto as

12  **Exhibit B.**

13      2.  Service:  Defendants were served with a copy of the Summons and First

14  Amended Complaint, effective February 18, 2008.  True and correct copies of the

15  Summons served upon Defendants, with the executed Notice And Acknowledgment Of

16  Receipt of the First Amended Complaint, executed on behalf of each of the Defendants

17  are attached hereto as **Exhibit C**.

18      3.  Answer:  On March 12, 2008, Defendants filed an Answer to Plaintiff's First

19  Amended Complaint with the Superior Court of the State of California in and for the

20  County of San Francisco and served such Answer upon Plaintiff.  A copy of the Answer

21  and accompanying proof of service is attached hereto as **Exhibit D**.

22      4.  Jurisdiction:  This is a civil action over which this Court has original jurisdiction

23  under 28 U.S.C. §1331.  In their Complaint, Plaintiffs allege violations of the Fair Labor

24  Standards Act. (Ex. B, 4:22 - 5:18.)  Accordingly, this entire action is removable to this

25  Court pursuant to the provisions of 28 U.S.C. §1441(b) and 28 U.S.C. § 1367.

26      5.  Venue:  Venue lies in the United States District Court for the Northern District of

27  California in that a substantial part of the alleged events or omissions on which Plaintiffs'

28  claims are based occurred.  28 U.S.C. §1391(b).

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS AMRAT PATEL, RAMILA
PATEL AND SBS HOSPITALITY, INC.                                                1431110.1

6.  Intradistrict Assignment:  Pursuant to Civil L.R. 3-2(d), this action is proper in the San Francisco Division because the action arose in the County of San Francisco.

7.  Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

8.  Pursuant to 28 U.S.C. §1446(d), Defendants are providing written notice to Plaintiffs.

9.  State Court Documents: Pursuant to the provisions of 28 U.S.C. section 1446(a), Defendants attach herewith and incorporate by reference the following documents, which are all process, pleadings, and orders served on Defendants and filed in the Superior Court of the State of California in and for the County of Francisco prior to the filing of this Notice of Removal:

>   a.  Summons and Plaintiffs' Complaint: Case No. CGC-07-470527 (**Exhibit A**);
>
>   b.  Summons and Plaintiffs' First Amended Complaint, Case No. CGC-07-470527 (**Exhibit B**);
>
>   c.  Notices and Acknowledgement of Receipt of Plaintiffs' First Amended Complaint, Case No. CGC-07-470527 (**Exhibit C**);
>
>   d.  Defendants' Answer to Plaintiffs' First Amended Complaint and accompanying proof of service, Case No. CGC-07-470527 (**Exhibit D**); and
>
>   e.  Case No. CGC-07-470527 —Civil Case Cover Sheet, Notice to Plaintiff of Case Management Conference; Alternative Dispute Resolution (ADR) Program Information Package; [Blank Form] Stipulation to Alternative Dispute Resolution [Blank Form] Case Management Statement; Notice regarding Judicial Mediation Program. (**Exhibit E**).

10.  Service: Written Notice and Proof of Service of the filing of this Notice of Removal by Defendants have been or will be served upon all parties as required by law.

- 3 -

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS AMRAT PATEL, RAMILA PATEL AND SBS HOSPITALITY, INC.

1431110.1

1    WHEREFORE, Defendants respectfully request that this action now proceed

2  against Defendants in this Court as an action properly removed.

3

4  DATED: March  13  , 2008                    HANSON BRIDGETT LLP

5

6                                        By: _____

7                                           SANDRA L. RAPPAPORT
                                            JAHMAL T. DAVIS
8                                           Attorneys for Defendants
                                            AMRAT PATEL, RAMILA PATEL AND
9                                           SBS HOSPITALITY, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

# EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**FOR COURT ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMRAT PATEL, an individual, DINOO PATEL, an individual, SEA CLIFF MOTOR INN, an unidentified business entity, doing business as DAYS INN AT THE BEACH, and DOES I through X

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SAN FRANCISCO COUNTY SUPERIOR COURT 400 McAllister Street San Francisco, CA 94102 | **CASE NUMBER:** *(Número del Caso):* CGC-07-470527 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
415-440-6662    415-776-5687
Bryan J. McCormack
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

DATE: DEC 2 8 2007
*(Fecha)*          Gordon Park-Li Clerk, by    D. STEPPE    , Deputy
                              *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*                                              Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** |

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT A**

CASE MANAGEMENT CONFERENCE SET

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 DEC 28  AM II: 58

GORDON PARK - LI, CLERK

BY: _____
D. STEPPE
DEPUTY CLERK

1  BRYAN J. McCORMACK, SBN 192418
   MCCORMACK LAW FIRM
2  120 Montgomery Street, Suite #1600
   San Francisco, CA 94104
3  Telephone:     (415) 440-6662
   Facsimile:     (415) 776-5687
4

MAY 3 0 2008  -9ᵒᵒAM

DEPARTMENT 212

5  Attorneys for Plaintiffs
   FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

6

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR COUNTY OF SAN FRANCISCO

10                       UNLIMITED JURISDICTION

11  FAROOQ KUNDIWALA and ZAREEN          )   CASE NO.: CGC-07-470527
    KUNDIWALA,                           )
12                                       )   COMPLAINT FOR DAMAGES AND
          Plaintiffs,                    )   RESTITUTION
13                                       )
          vs.                            )
14                                       )   (1) VIOLATION OF CALIFORNIA
    AMRAT PATEL, an individual, DINOO    )       LABOR CODE: UNLAWFUL
15  PATEL, an individual, SEA CLIFF MOTOR)       FAILURE TO PAY OVERTIME
    INN, an unidentified business entity, doing)     COMPENSATION
16  business as DAYS INN AT THE BEACH,   )   (2) VIOLATION OF THE FAIR
    and DOES I THROUGH X,                )       LABOR STANDARDS ACT:
17                                       )       LIQUIDATED DAMAGES FOR
          Defendants.                    )       NON-PAYMENT OF OVERTIME
18                                       )   (3) WAITING TIME PENALTIES
                                         )   (4) WAGE STATEMENT
19                                       )       PENALTIES
                                         )   (5) UNFAIR AND UNLAWFUL
20                                       )       BUSINESS PRACTICES
                                         )
21  ─────────────────────────────────────)

22       COMES NOW PLAINTIFFS FAROOQ KUDIWALA and ZAREEN KUNDIWALA

23  and allege as follows:

24                        **GENERAL ALLEGATIONS**

25       1.    Defendants AMRAT PATEL, an individual, DINOO PATEL, an individual, SEA

26  CLIFF MOTOR INN, an unidentified California business entity, and DOES I through X, are in

27  the business of operating a motel in San Francisco under the business name, DAYS INN AT

28  THE BEACH, (hereinafter collectively referred to as "defendants").

                                    -1-

                    COMPLAINT FOR DAMAGES AND RESTITUTION

1  2.  Plaintiffs FAROOQ ZUNDIWALA and ZAREEN ZUNDIWALA, husband and

2 wife, were employees of defendants during the period December 4, 2002 to July 31, 2007.

3 They worked at defendants' motel, DAYS INN AT THE BEACH, located in San Francisco,

4 California. Plaintiff's paychecks listed their employer as SEA CLIFF MOTOR INN.

5  3.  Plaintiffs are ignorant of the true names and capacities of the defendants sued herein

6 as DOES I through X and, therefore, sues these defendants by such fictitious names. Plaintiffs

7 will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs

8 are informed and believe and thereon allege that each of said fictitiously named defendants is

9 negligently responsible in some manner for the occurrences herein alleged, and that plaintiffs'

10 injuries as herein alleged were proximately caused by said negligence.

11  4.  Plaintiffs are informed and believe, and based upon such information and belief

12 allege, that at all times herein mentioned, each of the defendants named herein was the agent and

13 employee of the remaining defendants and was acting within the course and scope of said agency

14 and employment.

15         **FACTUAL ALLEGATIONS**

16  5.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

17 4 above as though fully set forth herein.

18  6.  While employed with defendants, plaintiff FAROOQ KUNDIWALA performed the

19 non-exempt duties of hotel clerk and manger. He was expected to work in excess of 40 hours

20 per week and typically worked approximately twelve hours per day, seven days per week.

21  7.  During the period January 1, 2004 to July 31, 2007, defendants paid FAROOQ

22 KUNDIWALA a salary of $1,850.00 per month each. Defendants did not pay him overtime

23 compensation.

24  8.  While employed with defendants, plaintiff ZAREEN KUNDIWALA performed the

25 non-exempt duties of hotel clerk. She was expected to work in excess of 40 hours per week

26 and typically worked approximately twelve hours per day, seven days per week.

27  9.  During the period January 1, 2004 to July 31, 2007, defendants paid ZAREEN

28 KUNDIWALA a salary of $1,850.00 per month each. Defendants did not pay her overtime

<div align="center">-2-</div>

<div align="center">COMPLAINT FOR DAMAGES AND RESTITUTION</div>

1  compensation.

2      10.    On or July 31, 2007, defendants terminated the employment of FAROOQ

3  KUNDIWALA and ZAREEN KUNDIWALA.

4      11.    At all times during plaintiffs' employment, defendants had a consistent policy of

5  permitting, encouraging, and/or requiring plaintiffs to work in excess of eight (8) hours per day

6  and in excess of forty (40) hours per week without paying overtime compensation, as required

7  by California and federal wage and hour laws, and knowingly and intentionally failing to

8  furnish timely itemized statements accurately showing total hours worked by plaintiffs.

9      12.    Despite plaintiffs' requests to be paid for all hours worked and to be paid overtime

10  compensation, defendants willfully failed and refused, and continue to fail and refuse, to timely

11  pay plaintiff such compensation due to plaintiffs.

12      13.    During their employment with defendants, plaintiffs were covered by

13  Labor Code §510, California Industrial Welfare Commission Occupational Wage Orders,

14  8 Cal. Code of Reg. §11040, and 29 U.S.C. Section 201, et. seq.  Section 3 of the Wage Orders

15  requires employers to pay employees one-and-one-half times their normal hourly rate for hours

16  worked in excess of eight (8) per day and in excess of forty (40) per week, and at twice the

17  normal hourly rate for hours worked in excess of twelve (12) per day and eight (8) on the

18  seventh day worked in a work week.  Plaintiffs were not exempt from California and federal

19  overtime requirements.

20      14.    Plaintiffs were not engaged primarily in exempt duties nor did they perform

21  work requiring exercise of discretion and independent judgment within the meaning of those

22  terms as set out in the Wage Orders. Their job duties did not entail significant discretionary,

23  decision-making or supervisory duties.  Plaintiffs were engaged in non-exempt "production"

24  work.  Consequently, plaintiffs do not fall within the "administrative, executive, or

25  professional" exemptions from the overtime requirements.  Plaintiffs do not fall within any

26  other exemption from the obligation to pay overtime compensation in the applicable wage

27  orders.  In addition, plaintiffs were paid less than the minimum salary requirements of the

28  California and federal overtime exemptions.

-3-

COMPLAINT FOR DAMAGES AND RESTITUTION

# FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE: UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION

### (Labor Code Sections 202, 203, 204, 218.5, 510, and 1194)

15.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 14 above as though fully set forth herein.

16.    By their failure to pay overtime compensation and other wages, as alleged above, defendants have violated and continue to violate the provisions the California Labor Code and Industrial Welfare Commission Wage Orders, including but not limited to Labor Code Sections 202, 203, 204, 218.5, 510, 1194, and IWC Wage Order 5-2001, which require the payment of overtime compensation to non-exempt employees, and the payment of all wages due at time of termination of employment.

17.    By failing to keep adequate time records required by law, defendants have made it difficult to calculate the compensation due plaintiffs.

18.    As a direct and proximate result of defendants' unlawful acts, plaintiffs have been deprived of overtime compensation, the exact amount to be determined at trial, and are entitled to recovery of such unpaid wages, during the period January 1, 2004 to July 31, 2007, plus interest thereon, attorneys' fees, and costs.

19.    Defendants, and each of them, in committing the acts alleged herein, engaged in conduct that caused plaintiffs to incur damages as set forth in this Complaint.

# SECOND CAUSE OF ACTION

## VIOLATION OF FAIR LABOR STANDARDS ACT: LIQUIDATED DAMAGE FOR NON-PAYMENT OF OVERTIME

### (29 U.S.C. Section 201, et seq.)

20.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

21.    At all relevant times herein, plaintiffs' employment with defendants was subject to

-4-

1    the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C.

2    Section 201, et seq., by virtue of defendants' direct involvement in interstate commerce.

3        22.    FLSA, 29 U.S.C. Section 207 requires all employees to be paid overtime for work

4    performed in excess of forty hours per week, unless specifically exempted by the law.

5        23.    Although plaintiffs were not exempt during their employment with defendants,

6    defendants knowingly caused, suffered, and permitted plaintiffs to regularly work in excess of

7    forty hours per week without paying plaintiffs overtime compensation. Defendants had been

8    fully aware of the hours worked by, and the duties assigned to, plaintiffs.

9        24.    By not paying overtime wages in compliance with FLSA, defendants violated

10   plaintiffs' rights under FLSA.

11       25.    As a direct and proximate result of defendants' unlawful acts, plaintiffs have been

12   deprived of overtime compensation.

13       26.    Defendants intentionally, with reckless disregard for their responsibilities under the

14   FLSA, and without good cause, failed to pay plaintiffs their proper pay, and thus defendants

15   are liable to plaintiffs for liquidated damages in an amount equal to their lost income, pursuant

16   to 29 U.S.C. Section 216(b) of the FLSA.

17       27.    Plaintiffs were required to retain attorney for bringing this action and are entitled to

18   an award of reasonable attorney's fees pursuant to 29 U.S.C. Section 216(b) of the FLSA.

19                           **THIRD CAUSE OF ACTION**

20                           **WAITING TIME PENALTIES**

21                        **(Labor Code Section 200, et seq.)**

22       28.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

23   27 above as though fully set forth herein.

24       29.    Labor Code §201 requires an employer who discharges an employee to pay

25   compensation due and owing to said employee immediately upon discharge. Labor Code §202

26   requires an employer to pay an employee who has resigned all compensation due and owing

27   within 72 hours. Labor Code §203 provides that an employer who willfully fails to pay

28   compensation promptly upon discharge or resignation, as required under §201, is liable for

COMPLAINT FOR DAMAGES AND RESTITUTION

1    waiting time penalties in the form of continued compensation for up to thirty (30) workdays.

2        30.    Defendants willfully failed and refused to timely pay overtime pay to plaintiff as

3    required by the Labor Code. As a consequence of defendants' unlawful practices, plaintiffs

4    have suffered losses measurable as all earnings and penalties during the statutory period at

5    appropriate interest rates.

6        31.    Defendants, and each of them, in committing the acts alleged herein engaged in

7    conduct that caused plaintiffs to incur damages as set forth in this Complaint.

8                        **FOURTH CAUSE OF ACTION**

9                **FAILURE TO FURNISH WAGE STATEMENTS**

10                        **(Labor Code §226)**

11        32.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

12    31 above as though fully set forth herein.

13        33.    Labor Code § 226(a) requires employers semi-monthly or at the time of each

14    payment of wages to furnish each employee with a statement itemizing, *inter alia*, the total

15    hours worked by the employee. Labor Code § 226(b) provides that if an employer knowingly

16    and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the

17    employee, then the employee is entitled to recover the greater of all actual damages or fifty

18    dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent

19    violation, up to four thousand dollars ($4,000.00).

20        34.    Defendants knowingly and intentionally failed to furnish plaintiffs with timely,

21    itemized statements showing the total hours worked, as required by Labor Code §226(a). As a

22    result, defendants are liable to plaintiffs for the amounts provided by Labor Code §226(b).

23        35.    Defendants, and each of them, in committing the acts alleged herein engaged in

24    conduct that caused plaintiffs to incur damages as set forth in this Complaint.

25                        **FIFTH CAUSE OF ACTION**

26                **UNFAIR AND UNLAWFUL BUSINESS PRACTICES**

27            **(Business and Professions Code Sections 17200 *et seq.*)**

28        36.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

-6-

COMPLAINT FOR DAMAGES AND RESTITUTION

1  36 as though fully set forth herein.

2      37.    Plaintiffs brings this action as individuals and on behalf of similarly situated

3  employees to enjoin defendants from engaging in unlawful business practices of failing to pay

4  their employees overtime compensation and wage penalties, from which they illicitly profit.

5      38.    Plaintiffs are informed and believe and thereon allege that defendants and their

6  agents and employees, and DOES 1 through X, inclusive, govern, manage and/or operate their

7  business for the purpose of and benefit of the public at large.  Plaintiffs, in bringing this cause

8  of action, act as an individual, as injured members of the general public, and on behalf of the

9  public at large.

10     39.    Defendants, and each of them, have failed to comply with state law governing

11 payment of overtime compensation, and penalties, including but not limited to Labor Code

12 Sections 201, 203, 218.5, 510, 1194, the IWC Wage Orders, and FLSA, 29 USC Section 201,

13 et seq., as herein alleged.

14     40.    Defendants' practice of failing to pay overtime compensation and penalties to

15 plaintiffs and other employees of defendants constitutes unfair competition in violation of

16 Business and Professions Code sections 17200, et seq., thereby justifying the imposition of

17 penalties imposed by statute, injunctive relief, restitutionary relief and damages allowed by

18 law.

19     41.    Plaintiffs are informed and believe and thereon allege that defendants performed the

20 above described unfair business practices for the purpose of injuring plaintiffs and other

21 employees of defendants and for the purpose of gaining an unfair business advantage.

22     42.    As a proximate result of the above described unfair business practices of

23 defendants, defendants wrongfully acquired money from plaintiffs and other employees of

24 defendants.

25     43.    As a proximate result of the above described unfair business practices of

26 defendants, plaintiffs and other employees of defendants have been injured in an amount

27 representing all unpaid overtime compensation and unpaid penalties, in an amount according to

28 proof at trial.

-7-

COMPLAINT FOR DAMAGES AND RESTITUTION

## PRAYER

**WHEREFORE**, plaintiffs prays for judgment against defendants as follows:

1.  That plaintiffs be awarded an amount equal to all unpaid wages, including interest thereon, and penalties, in a sum according to proof, but in excess of the minimum jurisdiction of this court; and

2.  That plaintiffs be awarded reasonable attorneys' fees and costs pursuant to Labor Code Sections 218.5 and 226; Code of Civil Procedure Sections 1021.5; 29 U.S.C 216(b) of the FLSA, and other applicable law; and

3.  That plaintiffs be awarded waiting time penalties, wage statement penalties, and other penalties; and

4.  That plaintiffs be awarded liquidated damages in the amount of the unpaid overtime compensation, pursuant to 29 U.S.C 216(b) of the FLSA; and

5.  That this Court issue an order requiring defendants to make restitution of all money or property acquired by defendants as a result of the unlawful business practices to plaintiffs and to similarly situated employees, pursuant to the Fifth Cause of Action; and

6.  For such other and further relief as the court may deem just and proper.


Dated: December 18, 2007

By: _____
Bryan J. McCormack, Esq.
Attorney for Plaintiffs

-8-

# EXHIBIT B

**SUMMONS** ON AMENDED COMPLAINT
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMRAT PATEL and RAMILA PATEL, husband and wife, SBS
HOSPITALITY, INC., a California corporation, SEA
CLIFF MOTOR INN, a partnership, and DOES I THROUGH X,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):* CGC-07-470527

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bryan J. McCormack                     415-440-6662    415-776-5687
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

DATE:                                Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

*For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT B**

<table>
<tr><td>1</td><td>BRYAN J. McCORMACK, SBN 192418<br>MCCORMACK LAW FIRM</td></tr>
</table>

1   BRYAN J. McCORMACK, SBN 192418
    MCCORMACK LAW FIRM
2   120 Montgomery Street, Suite #1600
    San Francisco, CA 94104
3   Telephone:    (415) 440-6662
    Facsimile:    (415) 776-5687
4
    Attorneys for Plaintiffs
5   FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

6

7

8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

                    IN AND FOR COUNTY OF SAN FRANCISCO
9
                            UNLIMITED JURISDICTION
10

11  FAROOQ KUNDIWALA and ZAREEN          )   CASE NO.: CGC-07-470527
    KUNDIWALA, husband and wife,         )
12                                       )   **FIRST AMENDED COMPLAINT FOR**
          Plaintiffs,                    )   **DAMAGES AND RESTITUTION**
13                                       )
          vs.                            )   (1) **VIOLATION OF CALIFORNIA**
14                                       )       **LABOR CODE: UNLAWFUL**
    AMRAT PATEL and RAMILA PATEL,        )       **FAILURE TO PAY OVERTIME**
15  husband and wife, SBS HOSPITALITY,   )       **COMPENSATION**
    INC., a California corporation, SEA CLIFF )  (2) **VIOLATION OF THE FAIR**
16  MOTOR INN, a partnership, and DOES I )       **LABOR STANDARDS ACT:**
    THROUGH X,                           )       **LIQUIDATED DAMAGES FOR**
17                                       )       **NON-PAYMENT OF OVERTIME**
          Defendants.                    )   (3) **WAITING TIME PENALTIES**
18                                       )   (4) **WAGE STATEMENT**
                                         )       **PENALTIES**
19                                       )   (5) **UNFAIR AND UNLAWFUL**
                                         )       **BUSINESS PRACTICES**
20                                       )
                                         )
21  ─────────────────────────────────────

22        COMES NOW PLAINTIFFS FAROOQ KUDIWALA and ZAREEN KUNDIWALA

23  and allege as follows:

24                            **GENERAL ALLEGATIONS**

25        1.    Plaintiffs are informed and believe, and thereupon allege, that at all times

26  mentioned herein, defendants AMRAT PATEL and RAMILA PATEL, husband and wife,

27  were partners of SEA CLIFF MOTOR INN, and that SBS HOSPITALITY, INC., a California

28  corporation, was a partner of SEA CLIFF MOTOR INN (hereinafter collectively referred to as

                                       -1-

1  "defendants.")

2     2.    Plaintiffs FAROOQ ZUNDIWALA and ZAREEN ZUNDIWALA, husband and

3  wife, were employees of defendants and worked at defendants' motel, Days Inn At The Beach,

4  located in San Francisco, California, during the period December 4, 2002 to July 31, 2007.

5     3.    Plaintiffs are ignorant of the true names and capacities of the defendants sued herein

6  as DOES I through X and, therefore, sues these defendants by such fictitious names.  Plaintiffs

7  will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs

8  are informed and believe and thereon allege that each of said fictitiously named defendants is

9  negligently responsible in some manner for the occurrences herein alleged, and that plaintiffs'

10  injuries as herein alleged were proximately caused by said negligence.

11     4.    Plaintiffs are informed and believe, and based upon such information and belief

12  allege, that at all times herein mentioned, each of the defendants named herein was the agent and

13  employee of the remaining defendants and was acting within the course and scope of said agency

14  and employment.

15                              FACTUAL ALLEGATIONS

16     5.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

17  4 above as though fully set forth herein.

18     6.    While employed with defendants, plaintiff FAROOQ KUNDIWALA performed the

19  non-exempt duties of hotel clerk and manger.  He was expected to work in excess of 40 hours

20  per week and typically worked approximately twelve hours per day, seven days per week.

21     7.    During the period January 1, 2004 to July 31, 2007, defendants paid FAROOQ

22  KUNDIWALA a salary of $1,850.00 per month each.  Defendants did not pay him overtime

23  compensation.

24     8.    While employed with defendants, plaintiff ZAREEN KUNDIWALA performed the

25  non-exempt duties of hotel clerk.  She was expected to work in excess of 40 hours per week

26  and typically worked approximately twelve hours per day, seven days per week.

27     9.    During the period January 1, 2004 to July 31, 2007, defendants paid ZAREEN

28  KUNDIWALA a salary of $1,850.00 per month each.  Defendants did not pay her overtime

-2-

1  compensation.

2      10.    On or July 31, 2007, defendants terminated the employment of FAROOQ

3  KUNDIWALA and ZAREEN KUNDIWALA.

4      11.    At all times during plaintiffs' employment, defendants had a consistent policy of

5  permitting, encouraging, and/or requiring plaintiffs to work in excess of eight (8) hours per day

6  and in excess of forty (40) hours per week without paying overtime compensation, as required

7  by California and federal wage and hour laws, and knowingly and intentionally failing to

8  furnish timely itemized statements accurately showing total hours worked by plaintiffs.

9      12.    Despite plaintiffs' requests to be paid for all hours worked and to be paid overtime

10  compensation, defendants willfully failed and refused, and continue to fail and refuse, to timely

11  pay plaintiff such compensation due to plaintiffs.

12      13.    During their employment with defendants, plaintiffs were covered by

13  Labor Code §510, California Industrial Welfare Commission Occupational Wage Orders,

14  8 Cal. Code of Reg. §11040, and 29 U.S.C. Section 201, et. seq. Section 3 of the Wage Orders

15  requires employers to pay employees one-and-one-half times their normal hourly rate for hours

16  worked in excess of eight (8) per day and in excess of forty (40) per week, and at twice the

17  normal hourly rate for hours worked in excess of twelve (12) per day and eight (8) on the

18  seventh day worked in a work week. Plaintiffs were not exempt from California and federal

19  overtime requirements.

20      14.    Plaintiffs were not engaged primarily in exempt duties nor did they perform

21  work requiring exercise of discretion and independent judgment within the meaning of those

22  terms as set out in the Wage Orders. Their job duties did not entail significant discretionary,

23  decision-making or supervisory duties. Plaintiffs were engaged in non-exempt "production"

24  work. Consequently, plaintiffs do not fall within the "administrative, executive, or

25  professional" exemptions from the overtime requirements. Plaintiffs do not fall within any

26  other exemption from the obligation to pay overtime compensation in the applicable wage

27  orders. In addition, plaintiffs were paid less than the minimum salary requirements of the

28  California and federal overtime exemptions.

-3-

COMPLAINT FOR DAMAGES AND RESTITUTION

**FIRST CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE: UNLAWFUL FAILURE TO PAY**

**OVERTIME COMPENSATION**

**(Labor Code Sections 202, 203, 204, 218.5, 510, and**

**1194)**

15.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 14 above as though fully set forth herein.

16.    By their failure to pay overtime compensation and other wages, as alleged above, defendants have violated and continue to violate the provisions the California Labor Code and Industrial Welfare Commission Wage Orders, including but not limited to Labor Code Sections 202, 203, 204, 218.5, 510, 1194, and IWC Wage Order 5-2001, which require the payment of overtime compensation to non-exempt employees, and the payment of all wages due at time of termination of employment.

17.    By failing to keep adequate time records required by law, defendants have made it difficult to calculate the compensation due plaintiffs.

18.    As a direct and proximate result of defendants' unlawful acts, plaintiffs have been deprived of overtime compensation, the exact amount to be determined at trial, and are entitled to recovery of such unpaid wages, during the period January 1, 2004 to July 31, 2007, plus interest thereon, attorneys' fees, and costs.

19.    Defendants, and each of them, in committing the acts alleged herein, engaged in conduct that caused plaintiffs to incur damages as set forth in this Complaint.

**SECOND CAUSE OF ACTION**

**VIOLATION OF FAIR LABOR STANDARDS ACT:**

**LIQUIDATED DAMAGE FOR NON-PAYMENT OF OVERTIME**

**(29 U.S.C. Section 201, et seq.)**

20.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

21.    At all relevant times herein, plaintiffs' employment with defendants was subject to

-4-

1   the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C.

2   Section 201, et seq., by virtue of defendants' direct involvement in interstate commerce.

3       22.    FLSA, 29 U.S.C. Section 207 requires all employees to be paid overtime for work

4   performed in excess of forty hours per week, unless specifically exempted by the law.

5       23.    Although plaintiffs were not exempt during their employment with defendants,

6   defendants knowingly caused, suffered, and permitted plaintiffs to regularly work in excess of

7   forty hours per week without paying plaintiffs overtime compensation. Defendants had been

8   fully aware of the hours worked by, and the duties assigned to, plaintiffs.

9       24.    By not paying overtime wages in compliance with FLSA, defendants violated

10  plaintiffs' rights under FLSA.

11      25.    As a direct and proximate result of defendants' unlawful acts, plaintiffs have been

12  deprived of overtime compensation.

13      26.    Defendants intentionally, with reckless disregard for their responsibilities under the

14  FLSA, and without good cause, failed to pay plaintiffs their proper pay, and thus defendants

15  are liable to plaintiffs for liquidated damages in an amount equal to their lost income, pursuant

16  to 29 U.S.C. Section 216(b) of the FLSA.

17      27.    Plaintiffs were required to retain attorney for bringing this action and are entitled to

18  an award of reasonable attorney's fees pursuant to 29 U.S.C. Section 216(b) of the FLSA.

19                        **THIRD CAUSE OF ACTION**

20                        **WAITING TIME PENALTIES**

21                    **(Labor Code Section 200, et seq.)**

22      28.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

23  27 above as though fully set forth herein.

24      29.    Labor Code §201 requires an employer who discharges an employee to pay

25  compensation due and owing to said employee immediately upon discharge. Labor Code §202

26  requires an employer to pay an employee who has resigned all compensation due and owing

27  within 72 hours. Labor Code §203 provides that an employer who willfully fails to pay

28  compensation promptly upon discharge or resignation, as required under §201, is liable for

-5-

1  waiting time penalties in the form of continued compensation for up to thirty (30) workdays.

2      30.    Defendants willfully failed and refused to timely pay overtime pay to plaintiff as

3  required by the Labor Code. As a consequence of defendants' unlawful practices, plaintiffs

4  have suffered losses measurable as all earnings and penalties during the statutory period at

5  appropriate interest rates.

6      31.    Defendants, and each of them, in committing the acts alleged herein engaged in

7  conduct that caused plaintiffs to incur damages as set forth in this Complaint.

8  <p align="center">**FOURTH CAUSE OF ACTION**</p>

9  <p align="center">**FAILURE TO FURNISH WAGE STATEMENTS**</p>

10  <p align="center">**(Labor Code §226)**</p>

11      32.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

12  31 above as though fully set forth herein.

13      33.    Labor Code § 226(a) requires employers semi-monthly or at the time of each

14  payment of wages to furnish each employee with a statement itemizing, *inter alia*, the total

15  hours worked by the employee. Labor Code § 226(b) provides that if an employer knowingly

16  and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the

17  employee, then the employee is entitled to recover the greater of all actual damages or fifty

18  dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent

19  violation, up to four thousand dollars ($4,000.00).

20      34.    Defendants knowingly and intentionally failed to furnish plaintiffs with timely,

21  itemized statements showing the total hours worked, as required by Labor Code §226(a). As a

22  result, defendants are liable to plaintiffs for the amounts provided by Labor Code §226(b).

23      35.    Defendants, and each of them, in committing the acts alleged herein engaged in

24  conduct that caused plaintiffs to incur damages as set forth in this Complaint.

25  <p align="center">**FIFTH CAUSE OF ACTION**</p>

26  <p align="center">**UNFAIR AND UNLAWFUL BUSINESS PRACTICES**</p>

27  <p align="center">**(Business and Professions Code Sections 17200 *et seq.*)**</p>

28      36.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

<p align="center">-6-</p>

1   36 as though fully set forth herein.

2      37.    Plaintiffs brings this action as individuals and on behalf of similarly situated
3   employees to enjoin defendants from engaging in unlawful business practices of failing to pay
4   their employees overtime compensation and wage penalties, from which they illicitly profit.

5      38.    Plaintiffs are informed and believe and thereon allege that defendants and their
6   agents and employees, and DOES 1 through X, inclusive, govern, manage and/or operate their
7   business for the purpose of and benefit of the public at large.  Plaintiffs, in bringing this cause
8   of action, act as an individual, as injured members of the general public, and on behalf of the
9   public at large.

10     39.    Defendants, and each of them, have failed to comply with state law governing
11  payment of overtime compensation, and penalties, including but not limited to Labor Code
12  Sections 201, 203, 218.5, 510, 1194, the IWC Wage Orders, and FLSA, 29 USC Section 201,
13  et seq., as herein alleged.

14     40.    Defendants' practice of failing to pay overtime compensation and penalties to
15  plaintiffs and other employees of defendants constitutes unfair competition in violation of
16  Business and Professions Code sections 17200, et seq., thereby justifying the imposition of
17  penalties imposed by statute, injunctive relief, restitutionary relief and damages allowed by
18  law.

19     41.    Plaintiffs are informed and believe and thereon allege that defendants performed the
20  above described unfair business practices for the purpose of injuring plaintiffs and other
21  employees of defendants and for the purpose of gaining an unfair business advantage.

22     42.    As a proximate result of the above described unfair business practices of
23  defendants, defendants wrongfully acquired money from plaintiffs and other employees of
24  defendants.

25     43.    As a proximate result of the above described unfair business practices of
26  defendants, plaintiffs and other employees of defendants have been injured in an amount
27  representing all unpaid overtime compensation and unpaid penalties, in an amount according to
28  proof at trial.

-7-

COMPLAINT FOR DAMAGES AND RESTITUTION

## PRAYER

**WHEREFORE**, plaintiffs prays for judgment against defendants as follows:

1.      That plaintiffs be awarded an amount equal to all unpaid wages, including interest thereon, and penalties, in a sum according to proof, but in excess of the minimum jurisdiction of this court; and

2.      That plaintiffs be awarded reasonable attorneys' fees and costs pursuant to Labor Code Sections 218.5 and 226; Code of Civil Procedure Sections 1021.5; 29 U.S.C 216(b) of the FLSA, and other applicable law; and

3.      That plaintiffs be awarded waiting time penalties, wage statement penalties, and other penalties; and

4.      That plaintiffs be awarded liquidated damages in the amount of the unpaid overtime compensation, pursuant to 29 U.S.C 216(b) of the FLSA; and

5.      That this Court issue an order requiring defendants to make restitution of all money or property acquired by defendants as a result of the unlawful business practices to plaintiffs and to similarly situated employees, pursuant to the Fifth Cause of Action; and

6.      For such other and further relief as the court may deem just and proper.


Dated: January 30, 2007


By:      _Bryn J McCormack_
        Bryan J. McCormack, Esq.
        Attorney for Plaintiffs


-8-

COMPLAINT FOR DAMAGES AND RESTITUTION

# EXHIBIT C

## SUMMONS ON AMENDED COMPLAINT
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMRAT PATEL and RAMILA PATEL, husband and wife, SBS
HOSPITALITY, INC., a California corporation, SEA
CLIFF MOTOR INN, a partnership, and DOES I THROUGH X,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN FRANCISCO COUNTY SUPERIOR COURT<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-07-470527 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bryan J. McCormack         415-440-6662     415-776-5687
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

DATE: _____ Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*                 *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
Ca Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT C**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Bryan J. McCormack, Esq., SB#192418<br>McCormack Law Firm<br>120 Montgomery Street, Suite 1600<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-440-6662      FAX NO. *(Optional):*    415-776-5687<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME:

PLAINTIFF/PETITIONER: FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

DEFENDANT/RESPONDENT: AMRAT PATEL, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-07-470527 |
|---|---|

TO *(insert name of party being served):* AMRAT PATEL

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/30/08

Bryan J. McCormack
        (TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Amended Summons, First Amended Complaint, Notice of Case Management Conference, ADR Information

*(To be completed by recipient):*
  Date this form is signed: 2/18/08
  Jahmal T. Davis,
  Attorney for Defendant Amrat Patel

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Bryan J. McCormack, Esq., SB#192418<br>McCormack Law Firm<br>120 Montgomery Street, Suite 1600<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-440-6662    FAX NO. *(Optional)*: 415-776-5687<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiffs | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: FAROOQ KUNDIWALA and ZAREEN KUNDIWALA |
|---|
| DEFENDANT/RESPONDENT: AMRAT PATEL, et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-07-470527 |
|---|---|

TO *(insert name of party being served)*: RAMILA PATEL

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 1/30/08

Bryan J. McCormack
_____              ► _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify)*: Amended Summons, First Amended Complaint, Notice of Case Management Conference, ADR Information

*(To be completed by recipient):*

Date this form is signed: 2/18/08

Jahmal T. Davis,
Attorney for Defendant Ramila Patel
_____              ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                             ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Bryan J. McCormack, Esq., SB#192418<br>McCormack Law Firm<br>120 Montgomery Street, Suite 1600<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-440-6662    FAX NO. *(Optional)*: 415-776-5687<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
    STREET ADDRESS: 400 McAllister Street
    MAILING ADDRESS:
    CITY AND ZIP CODE: San Francisco, CA 94102
    BRANCH NAME:

PLAINTIFF/PETITIONER: FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

DEFENDANT/RESPONDENT: AMRAT PATEL, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-07-470527 |
|---|---|

TO *(insert name of party being served)*: <u>SBS HOSPITALITY, INC., a California corporation</u>

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/30/08

<u>Bryan J. McCormack</u>                          ▶ _(signature)_
(TYPE OR PRINT NAME)                                   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify)*: Amended Summons, First Amended Complaint, Notice of Case Management Conference, ADR Information

*(To be completed by recipient)*:
Date this form is signed: 2/18/08

<u>Jahmal T. Davis,</u>
<u>Attorney for Defendant SBS Hospitality, Inc.</u> ▶ _(signature)_
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>&Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

# EXHIBIT D

F I L E D
Superior Court of California
County of San Francisco

MAR 1 2 2008

GORDON, PARK-LI, Clerk
BY: _____Carolyn Balistreri_____
Deputy Clerk

1   HANSON BRIDGETT LLP
    SANDRA L. RAPPAPORT - 172990
2   JAHMAL T. DAVIS - 191504
    srappaport@hansonbridgett.com
3   jdavis@hansonbridgett.com
    425 Market Street, 26th Floor
4   San Francisco, CA  94105
    Telephone:   (415) 777-3200
5   Facsimile:   (415) 541-9366

6   Attorneys for Defendants
    AMRAT PATEL, RAMILA PATEL AND SBS HOSPITALITY,
7   INC.

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               CITY AND COUNTY OF SAN FRANCISCO

10

11  FAROOQ KUNDIWALA and ZAREEN          No. CGC-07-470527
    KUNDIWALA, husband and wife,,
12                                       **DEFENDANTS AMRAT PATEL, RAMILA
                  Plaintiffs,            PATEL AND SBS HOSPITALITY, INC.'S
13                                       ANSWER TO COMPLAINT**
           v.                            AMENDED
14
15  AMRAT PATEL and RAMILA PATEL,
    husband and wife, SBS HOSPITALITY,
16  INC., a California corporation, SEA
    CLIFF MOTOR INN, a partnership ,
17
                  Defendants.
18

19                     **GENERAL DENIAL**

20       Pursuant to California Code of Civil Procedure, Section 431.30(d), Defendants

21  Amrat Patel, Ramila Patel and SBS Hospitality, Inc. ("Defendants"), generally deny each

22  and every material allegation contained in Plaintiffs Farooq Kundiwala and Zareen

23  Kundiwala's ("Plaintiffs") unverified Complaint and deny that Plaintiffs have suffered any

24  damage in any manner alleged or in any amount as a result of the alleged acts and

25  omissions of Defendants.

26             **SEPARATE AND AFFIRMATIVE DEFENSES**

27       Defendants hereby assert the following separate and affirmative defenses to

28  Plaintiffs' Complaint:

                              - 1 -

## FIRST DEFENSE

Plaintiffs' Complaint and each cause of action contained therein fails to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred, in whole or in part, by the applicable statute of limitations, including but not limited to, those set forth in California Code of Civil Procedure Sections 337, 338, 339 and 340, California Business and Professions Code Section 17208 and Fair Labor Standards Act ("FLSA") 29 U.S.C. Section 255(a).

## THIRD DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred by the doctrines of waiver, estoppel and consent.

## FOURTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred to the extent that Plaintiffs are exempt from the overtime compensation requirements of California and federal law.

## FIFTH DEFENSE

Defendants' alleged acts or omissions, if any, were in good faith, and Defendants had reasonable grounds for believing that the alleged acts or omissions did not violate any provision of the FLSA, the California Labor Code or any order of the California Industrial Welfare Commission relating to minimum wage or overtime compensation.

## SIXTH DEFENSE

A good faith dispute exists as to whether any wages were owed and, therefore, Plaintiffs are precluded from recovery.

/ / /

/ / /

/ / /

/ / /

DEFENDANTS AMRAT PATEL, RAMILA PATEL AND SBS HOSPITALITY, INC.'S
ANSWER TO COMPLAINT

1426404.1

### SEVENTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein, fails to state a claim against Defendants sufficient to impose penalties or liquidated damages, including but not limited to alleged penalties pursuant to California Labor Code Sections 203, 210, 1194.2, 2699-2699.5, U.S.C. 216(b) of the FLSA and 29 C.F.R. 578.3.

### EIGHTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred, in whole or in part, by the doctrine of laches.

### NINTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred, in whole or in part, by the doctrine of unclean hands.

### TENTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred, in whole or in part, to the extent that Plaintiffs have failed to make reasonable efforts to mitigate their alleged damages, if any.

### ELEVENTH DEFENSE

Defendants' conduct and activities conformed to applicable California State and federal statutes, regulations, and case law interpretations, and any request for equitable relief is moot.

### TWELFTH DEFENSE

Plaintiffs are not entitled to equitable relief as they have an adequate remedy at law.

### THIRTEENTH DEFENSE

Plaintiffs are not entitled to penalties or liquidated damages because any acts or omissions were in good faith.

/ / /

/ / /

/ / /

- 3 -

## FOURTEENTH DEFENSE

Plaintiffs' Complaint and each cause of action therein is barred because Defendants entered into a reasonable agreement with Plaintiffs to provide the compensation of which Plaintiff complains in exchange for the duties and hours Plaintiffs were required to work.  29 C.F.R. Section 785.23; *Brewer v. Patel*, 20 Cal.App.4th 1017, 1021.

## FIFTEENTH DEFENSE

Plaintiffs' Complaint and each cause of action therein is barred because Plaintiffs lack the capacity to sue.

## SIXTEENTH DEFENSE

Defendants are entitled to reimbursement and a setoff of amounts reflecting losses and cash shortages Defendants suffered as a result of Plaintiffs' willful and dishonest conduct.

## RESERVATION OF RIGHT

Defendants reserve the right to assert additional defenses if Defendants become aware of the existence of such defenses arising during the course of discovery.

WHEREFORE, Defendants pray as follows:

    1.    That Plaintiffs take nothing by this action;

    2.    That judgment be entered in Defendants' favor;

    3.    That Defendants recover their costs in this proceeding, including reasonable attorneys' fees;

    4.    That Defendants recover damages for the losses and cash shortages Defendants suffered because of Plaintiffs willful and dishonest conduct; and

/ / /

/ / /

/ / /

/ / /

/ / /

5. That the Court grant such other and further relief as it deems appropriate.

DATED:  March _12_, 2008                    HANSON BRIDGETT LLP


By: _____
SANDRA L. RAPPAPORT
JAHMAL T. DAVIS
Attorneys for Defendants
AMRAT PATEL, RAMILA PATEL AND
SBS HOSPITALITY, INC.

- 5 -

<div style="text-align:center">

**PROOF OF SERVICE**

*Farooq Kundiwala and Zareen Kundiwala v. Amrat Patel, et al.*

**Case No. CGC-07-470527**

</div>

I, Joanne Leong, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Farooq Kundiwala and Zareen Kundiwala v. Amrat Patel, et al.*; that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On March 12, 2008, I served a true and accurate copy of the document(s) entitled:

**DEFENDANTS AMRAT PATEL, RAMILA PATEL AND SBS HOSPITALITY, INC.'S ANSWER TO COMPLAINT**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

Bryan J. McCormack
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

☒ (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor, San Francisco, California 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on March 12, 2008 at San Francisco, California.

_____
Joanne Leong

<div style="text-align:center">

- 1 -

</div>

PROOF OF SERVICE

1432596.1

# EXHIBIT E

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Bryan J. McCormack, Esq., SB#192418
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

TELEPHONE NO.: 415-440-6662    FAX NO.: 415-776-5687
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: KUNDIWALA v. PATEL

**FILED**
San Francisco County Superior Court

DEC 28 2007

GORDON PARK-LI, Clerk
BY: *Deborah Steppe*
DEBORAH STEPPE, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-07-470527<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

**4.** Number of causes of action *(specify):* 5

**5.** This case [ ] is [X] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/27/07

Bryan J. McCormack, Esq., SB#192418
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT E**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:     MAY-30-2008

TIME:     9:00AM

PLACE:    Department 212
          400 McAllister Street
          San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges



# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

### Superior Court of California
### County of San Francisco



## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

 

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

 

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

 

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

*Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

*Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.



*Cost*

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

*Description*

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

*Operation*

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.



If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

 

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant | |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐ **Mediation Services of BASF**     ☐ **Judicial Mediation**
☐ **Binding arbitration**                                          Judge _____
☐ **Non-binding judicial arbitration**                            Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____


Name of Party Stipulating        Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant          Dated: _____


Name of Party Stipulating        Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant          Dated: _____


Name of Party Stipulating        Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant          Dated: _____


☐ *Additional signature(s) attached*

ADR-2  3/06              STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

 

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:          Time:          Dept.:          Div.:          Room:
Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint          (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*




CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply):*
   - (1) ☐ Mediation
   - (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   - (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   - (4) ☐ Binding judicial arbitration
   - (5) ☐ Binding private arbitration
   - (6) ☐ Neutral case evaluation
   - (7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

14. **Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
☐ Additional cases are described in Attachment 14a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*:  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:



_____          ► _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY)



_____          ► _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY)

                                            ☐ Additional signatures are attached

 



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

### Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)