1    HANSON BRIDGETT LLP
     SANDRA L. RAPPAPORT - 172990
2    JAHMAL T. DAVIS - 191504
     srappaport@hansonbridgett.com
3    jdavis@hansonbridgett.com
     425 Market Street, 26th Floor
4    San Francisco, CA 94105
     Telephone:   (415) 777-3200
5    Facsimile:   (415) 541-9366

6    Attorneys for Defendants
     AMRAT PATEL, RAMILA PATEL and SBS HOSPITALITY,
7    INC.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   FAROOQ KUNDIWALA and ZAREEN         No. CV-08-1436 JSW
     KUNDIWALA, husband and wife,,
13                                       PROOF OF FILING OF DEFENDANTS'
               Plaintiffs,               NOTICE OF FILING OF NOTICE OF
14                                       REMOVAL OF ACTION TO FEDERAL
         v.                              COURT
15
     AMRAT PATEL and RAMILA PATEL,
16   husband and wife, SBS HOSPITALITY,
     INC., a California corporation, SEA
17   CLIFF MOTOR INN, a partnership ,

18             Defendants.

19        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20   NORTHERN DISTRICT OF CALIFORNIA:

21        PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441(b), on March 14,

22   2008, Defendants AMRAT PATEL, RAMILA PATEL AND SBS HOSPITALITY, INC.

23   ("Defendants"), by their undersigned attorneys, filed a Notice of Filing of Notice of

24   Removal of Action to Federal Court with the Clerk of the California Superior Court, in and

25   for the County of San Francisco, a copy of which is attached hereto.  Defendants also

26   served Plaintiff with the Notice of Filing of Notice of Removal of Action to Federal Court

27   including the following attachments:

28
                                  - 1 -

1  **Exhibit 1:**   Notice of Removal of Action by Defendants Amrat Patel, Ramila Patel and

2        SBS Hospitality, Inc.:

3        **Exhibit A:**   Summons and Plaintiffs' Complaint;

4        **Exhibit B:**   Summons and Plaintiffs' First Amended Complaint;

5        **Exhibit C:**   Notices and Acknowledgement of Receipt of Plaintiffs' First

6             Amended Complaint;

7        **Exhibit D:**   Defendants' Answer to Plaintiffs' First Amended Complaint

8             and accompanying proof of service,

9        **Exhibit E:**   Case No. CGC-07-470527 — Civil Case Cover Sheet, Notice
               to Plaintiff of Case Management Conference; Alternative
10              Dispute Resolution (ADR) Program Information Package;
               [Blank Form] Stipulation to Alternative Dispute Resolution
11              [Blank Form] Case Management Statement; Notice regarding
12              Judicial Mediation Program

13 **Exhibit 2:**    Order Setting Initial Case Management Conference and ADR Deadlines;

14 Civil Standing Orders; Standing Order for All Judges of the Northern District of California

15 - Contents of Joint Case Management Statement; U.S. District Court, Northern California

16 - ECF Registration Information Handout; Notice of Availability of Magistrate Judge to

17 Exercise Jurisdiction; Waiver of Service of Summons; Notice of Lawsuit and Request for

18 Waiver of Service of Summons; U.S. District Court, San Francisco, Guidelines Handout;

19 Sheet with Judge's name and initials and location; U.S. District Court, Northern

20 California of California, Drop Box Filing Instructions.

21 DATED: March __17__, 2008            HANSON BRIDGETT LLP

22

23             By: _____
                 SANDRA L. RAPPAPORT
24                JAHMAL T. DAVIS
                 Attorneys for Defendants
25                AMRAT PATEL, RAMILA PATEL AND
                 SBS HOSPITALITY, INC.
26

27

28

- 2 -

1   HANSON BRIDGETT LLP
    SANDRA L. RAPPAPORT - 172990
2   JAHMAL T. DAVIS - 191504
    srappaport@hansonbridgett.com
3   jdavis@hansonbridgett.com
    425 Market Street, 26th Floor
4   San Francisco, CA  94105
    Telephone:   (415) 777-3200
5   Facsimile:   (415) 541-9366

6   Attorneys for Defendants
    AMRAT PATEL, RAMILA PATEL and SBS HOSPITALITY,
7   INC.

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 14 2008

GORDON PARK-LI, Clerk
BY: _____
        MARY A. MORAN
                    Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  CITY AND COUNTY OF SAN FRANCISCO

10

11  FAROOQ KUNDIWALA and ZAREEN              No. CGC-07-470527
    KUNDIWALA, husband and wife,,
12                                           DEFENDANTS' NOTICE OF FILING OF
                Plaintiffs,                  NOTICE OF REMOVAL OF ACTION TO
13                                           FEDERAL COURT
        v.
14
    AMRAT PATEL and RAMILA PATEL,
15  husband and wife, SBS HOSPITALITY,
    INC., a California corporation, SEA
16  CLIFF MOTOR INN, a partnership ,

17              Defendants.

18

19       TO PLAINTIFFS FAROOQ KUNDIWALA AND ZAREEN KUNDIWALA AND

20  THEIR ATTORNEYS OF RECORD AND TO THE CLERK OF THE SUPERIOR COURT,

21  IN AND FOR THE COUNTY OF SAN FRANCISCO:

22       PLEASE TAKE NOTICE THAT Defendants have filed a Notice of Removal of the

23  above-captioned action from the Superior Court of the State of California, County of San

24  Francisco, on March 13, 2008.  A true and correct copy of Defendants' Notice of

25  Removal is attached hereto and incorporated herein as **Exhibit 1**.  The proceedings

26  have been removed from this Court to the United States District Court for the Northern

27  District of California as Case No. CV-08-1436 JSW and shall be governed hereafter by

28

                                    - 1 -

the District Court's orders, attached collectively hereto as **Exhibit 2**.

DATED: March _13_, 2008                           HANSON BRIDGETT LLP


                                                  By: _____
                                                  SANDRA L. RAPPAPORT
                                                  JAHMAL T. DAVIS
                                                  Attorneys for Defendants
                                                  AMRAT PATEL, RAMILA PATEL AND
                                                  SBS HOSPITALITY, INC.

- 2 -

1

## PROOF OF SERVICE

2

### *Farooq Kundiwala and Zareen Kundiwala v. Amrat Patel, et al.*

3

### Case No. CGC-07-470527

4

      I, Joanne Leong, declare that I am a resident of the State of California. I am over
the age of 18 years and not a party to the action entitled *Farooq Kundiwala and Zareen

5

Kundiwala v. Amrat Patel, et al.*; that my business address is 425 Market Street, 26th Floor, San
Francisco, California 94105. On March 13, 2008, I served a true and accurate copy of the

6

document(s) entitled:

7

**DEFENDANTS' NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT**

8

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to

9

the last address(es) given by the party(ies) as follows:

10

Bryan J. McCormack
McCormack Law Firm

11

120 Montgomery Street, Suite 1600
San Francisco, CA 94104

12

13

    ☒     (By Hand pursuant to Code of Civil Procedure section 1011.) I directed each
            sealed envelope to the party(ies) so designated on the service list to be delivered

14

            by Nationwide Legal on this date.

15

16

      I declare under penalty of perjury under the laws of the State of California that the
above is true and correct and was executed on March 13, 2008 at San Francisco, California.

17

18

_____
Joanne Leong

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

# EXHIBIT 1

1  HANSON BRIDGETT LLP
   SANDRA L. RAPPAPORT - 172990
2  JAHMAL T. DAVIS - 191504
   srappaport@hansonbridgett.com
3  jdavis@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, CA 94105
   Telephone:  (415) 777-3200
5  Facsimile:  (415) 541-9366

6  Attorneys for Defendants
   AMRAT PATEL, RAMILA PATEL and SBS HOSPITALITY,
7  INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  FAROOQ KUNDIWALA and ZAREEN      No. CV 08 1436
    KUNDIWALA, husband and wife,,
13                                   NOTICE OF REMOVAL OF ACTION BY
              Plaintiffs,            DEFENDANTS AMRAT PATEL, RAMILA
14                                   PATEL AND SBS HOSPITALITY, INC.
          v.
15
    AMRAT PATEL and RAMILA PATEL,
16  husband and wife, SBS HOSPITALITY,
    INC., a California corporation, SEA
17  CLIFF MOTOR INN, a partnership ,

18            Defendants.

19

20      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

21  NORTHERN DISTRICT OF CALIFORNIA:

22      PLEASE TAKE NOTICE THAT Defendants AMRAT PATEL, RAMILA PATEL

23  AND SBS HOSPITALITY, INC. hereby remove to this Court, on the basis of federal

24  question jurisdiction, the state court action described below:

25      1. State Court Action:  On December 28, 2007, Plaintiffs Farooq Kundiwala and

26  Zareen Kundiwala ("Plaintiffs") commenced this action in the Superior Court for the State

27  of California, in and for the County of San Francisco, entitled *Farooq Kundiwala and*

28

                            - 1 -

**EXHIBIT 1**

1 | *Zareen Kundiwala v. Amrat Patel, Dinoo Patel, and Sea Cliff Motor Inn, doing business*

2 | *as Days Inn At The Beach,* Case No. CGC-07-470527. A true and correct copy of the

3 | Summons and Complaint filed by Plaintiffs is attached hereto as **Exhibit A.**

4 |      Shortly thereafter, on February 1, 2008, Plaintiffs filed a First Amended Complaint

5 | For Damages and Restitution. This First Amended Complaint names as defendants

6 | Amrat Patel, Ramila Patel, SBS Hospitality Inc., and Sea Cliff Motor Inn ("Defendants").

7 | The First Amended Complaint alleges causes of action for failure to pay overtime in

8 | violation of the California Labor Code, liquidated damages for non-payment of overtime:

9 | violation of the Fair Labor Standards Act, waiting time penalties, wage statement

10 | penalties, and unfair and unlawful business practices. True and correct copies of the

11 | Summons and First Amended Complaint filed by Plaintiffs are attached hereto as

12 | **Exhibit B.**

13 | 2. <u>Service</u>: Defendants were served with a copy of the Summons and First

14 | Amended Complaint, effective February 18, 2008. True and correct copies of the

15 | Summons served upon Defendants, with the executed Notice And Acknowledgment Of

16 | Receipt of the First Amended Complaint, executed on behalf of each of the Defendants

17 | are attached hereto as **Exhibit C.**

18 | 3. <u>Answer:</u> On March 12, 2008, Defendants filed an Answer to Plaintiff's First

19 | Amended Complaint with the Superior Court of the State of California in and for the

20 | County of San Francisco and served such Answer upon Plaintiff. A copy of the Answer

21 | and accompanying proof of service is attached hereto as **Exhibit D.**

22 | 4. <u>Jurisdiction</u>: This is a civil action over which this Court has original jurisdiction

23 | under 28 U.S.C. §1331. In their Complaint, Plaintiffs allege violations of the Fair Labor

24 | Standards Act. (Ex. B, 4:22 - 5:18.) Accordingly, this entire action is removable to this

25 | Court pursuant to the provisions of 28 U.S.C. §1441(b) and 28 U.S.C. § 1367.

26 | 5. <u>Venue</u>: Venue lies in the United States District Court for the Northern District of

27 | California in that a substantial part of the alleged events or omissions on which Plaintiffs'

28 | claims are based occurred. 28 U.S.C. §1391(b).

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS AMRAT PATEL, RAMILA
PATEL AND SBS HOSPITALITY, INC.

1431110.1

1    6. <u>Intradistrict Assignment</u>:  Pursuant to Civil L.R. 3-2(d), this action is proper in the

2    San Francisco Division because the action arose in the County of San Francisco.

3    7.  Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed

4    with the Clerk of the Superior Court of the State of California, County of San Francisco.

5    8.  Pursuant to 28 U.S.C. §1446(d), Defendants are providing written notice to

6    Plaintiffs.

7    9.  <u>State Court Documents</u>: Pursuant to the provisions of 28 U.S.C. section 1446(a),

8    Defendants attach herewith and incorporate by reference the following documents,

9    which are all process, pleadings, and orders served on Defendants and filed in the

10   Superior Court of the State of California in and for the County of Francisco prior to the

11   filing of this Notice of Removal:

12                    a. Summons and Plaintiffs' Complaint: Case No. CGC-07-470527

13                        (**Exhibit A**);

14                    b. Summons and Plaintiffs' First Amended Complaint, Case No. CGC-

15                        07-470527  (**Exhibit B**);

16                    c. Notices and Acknowledgement of Receipt of Plaintiffs' First

17                        Amended Complaint, Case No. CGC-07-470527  (**Exhibit C**);

18                    d. Defendants' Answer to Plaintiffs' First Amended Complaint and

19                        accompanying proof of service, Case No. CGC-07-470527

20                        (**Exhibit D**); and

21                    e. Case No. CGC-07-470527 —Civil Case Cover Sheet, Notice to

22                        Plaintiff of Case Management Conference; Alternative Dispute

23                        Resolution (ADR) Program Information Package; [Blank Form]

24                        Stipulation to Alternative Dispute Resolution [Blank Form] Case

25                        Management Statement; Notice regarding Judicial Mediation

26                        Program. (**Exhibit E**).

27   10. <u>Service</u>: Written Notice and Proof of Service of the filing of this Notice of Removal

28   by Defendants have been or will be served upon all parties as required by law.

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS AMRAT PATEL, RAMILA
PATEL AND SBS HOSPITALITY, INC.                                            1431110.1

1      WHEREFORE, Defendants respectfully request that this action now proceed

2  against Defendants in this Court as an action properly removed.

3

4  DATED:  March _13_, 2008             HANSON BRIDGETT LLP

5

6                        By: _____

7                          SANDRA L. RAPPAPORT

8                          JAHMAL T. DAVIS
                            Attorneys for Defendants

9                          AMRAT PATEL, RAMILA PATEL AND
                            SBS HOSPITALITY, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

# EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMRAT PATEL, an individual, DINOO PATEL, an
individual, SEA CLIFF MOTOR INN, an unidentified
business entity, doing business as DAYS INN AT THE
BEACH, and DOES I through X

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SAN FRANCISCO COUNTY SUPERIOR COURT 400 McAllister Street San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):* CGC-07-470527 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*    415-440-6662    415-776-5687
Bryan J. McCormack
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

DATE:    Gordon Park-Li, Clerk, by    D. STEPPE    , Deputy
*(Fecha)*    DEC 2 8 2007    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT A**

CASE MANAGEMENT CONFERENCE SET

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 DEC 28  AM 11: 53

GORDON PARK - LI, CLERK

BY: _____
D. STEPPE
DEPUTY CLERK

1  BRYAN J. McCORMACK, SBN 192418
   MCCORMACK LAW FIRM
2  120 Montgomery Street, Suite #1600
   San Francisco, CA 94104
3  Telephone:    (415) 440-6662
   Facsimile:    (415) 776-5687

MAY 3 0 2008 -9ᵃᵐ AM

DEPARTMENT 212

4

5  Attorneys for Plaintiffs
   FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

6

7

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             IN AND FOR COUNTY OF SAN FRANCISCO

10                  UNLIMITED JURISDICTION

11  FAROOQ KUNDIWALA and ZAREEN      )  CASE NO.: CGC-07-470527
    KUNDIWALA,                        )
12                                    )  COMPLAINT FOR DAMAGES AND
         Plaintiffs,                  )  RESTITUTION
13                                    )
         vs.                          )
14                                    )  (1) VIOLATION OF CALIFORNIA
    AMRAT PATEL, an individual, DINOO )      LABOR CODE: UNLAWFUL
15  PATEL, an individual, SEA CLIFF MOTOR )   FAILURE TO PAY OVERTIME
    INN, an unidentified business entity, doing )  COMPENSATION
16  business as DAYS INN AT THE BEACH, )  (2) VIOLATION OF THE FAIR
    and DOES I THROUGH X,             )      LABOR STANDARDS ACT:
17                                    )      LIQUIDATED DAMAGES FOR
         Defendants.                  )      NON-PAYMENT OF OVERTIME
18                                    )  (3) WAITING TIME PENALTIES
                                      )  (4) WAGE STATEMENT
19                                    )      PENALTIES
                                      )  (5) UNFAIR AND UNLAWFUL
20                                    )      BUSINESS PRACTICES
                                      )
21  _____ )

22        COMES NOW PLAINTIFFS FAROOQ KUDIWALA and ZAREEN KUNDIWALA

23  and allege as follows:

24                       **GENERAL ALLEGATIONS**

25        1.    Defendants AMRAT PATEL, an individual, DINOO PATEL, an individual, SEA

26  CLIFF MOTOR INN, an unidentified California business entity, and DOES I through X, are in

27  the business of operating a motel in San Francisco under the business name, DAYS INN AT

28  THE BEACH, (hereinafter collectively referred to as "defendants").

                                -1-

              COMPLAINT FOR DAMAGES AND RESTITUTION

1    2.      Plaintiffs FAROOQ ZUNDIWALA and ZAREEN ZUNDIWALA, husband and

2    wife, were employees of defendants during the period December 4, 2002 to July 31, 2007.

3    They worked at defendants' motel, DAYS INN AT THE BEACH, located in San Francisco,

4    California. Plaintiff's paychecks listed their employer as SEA CLIFF MOTOR INN.

5    3.      Plaintiffs are ignorant of the true names and capacities of the defendants sued herein

6    as DOES I through X and, therefore, sues these defendants by such fictitious names. Plaintiffs

7    will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs

8    are informed and believe and thereon allege that each of said fictitiously named defendants is

9    negligently responsible in some manner for the occurrences herein alleged, and that plaintiffs'

10    injuries as herein alleged were proximately caused by said negligence.

11    4.      Plaintiffs are informed and believe, and based upon such information and belief

12    allege, that at all times herein mentioned, each of the defendants named herein was the agent and

13    employee of the remaining defendants and was acting within the course and scope of said agency

14    and employment.

15                  **FACTUAL ALLEGATIONS**

16    5.      Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

17    4 above as though fully set forth herein.

18    6.      While employed with defendants, plaintiff FAROOQ KUNDIWALA performed the

19    non-exempt duties of hotel clerk and manger. He was expected to work in excess of 40 hours

20    per week and typically worked approximately twelve hours per day, seven days per week.

21    7.      During the period January 1, 2004 to July 31, 2007, defendants paid FAROOQ

22    KUNDIWALA a salary of $1,850.00 per month each. Defendants did not pay him overtime

23    compensation.

24    8.      While employed with defendants, plaintiff ZAREEN KUNDIWALA performed the

25    non-exempt duties of hotel clerk. She was expected to work in excess of 40 hours per week

26    and typically worked approximately twelve hours per day, seven days per week.

27    9.      During the period January 1, 2004 to July 31, 2007, defendants paid ZAREEN

28    KUNDIWALA a salary of $1,850.00 per month each. Defendants did not pay her overtime

1    compensation.

2        10.    On or July 31, 2007, defendants terminated the employment of FAROOQ

3    KUNDIWALA and ZAREEN KUNDIWALA.

4        11.    At all times during plaintiffs' employment, defendants had a consistent policy of

5    permitting, encouraging, and/or requiring plaintiffs to work in excess of eight (8) hours per day

6    and in excess of forty (40) hours per week without paying overtime compensation, as required

7    by California and federal wage and hour laws, and knowingly and intentionally failing to

8    furnish timely itemized statements accurately showing total hours worked by plaintiffs.

9        12.    Despite plaintiffs' requests to be paid for all hours worked and to be paid overtime

10    compensation, defendants willfully failed and refused, and continue to fail and refuse, to timely

11    pay plaintiff such compensation due to plaintiffs.

12        13.    During their employment with defendants, plaintiffs were covered by

13    Labor Code §510, California Industrial Welfare Commission Occupational Wage Orders,

14    8 Cal. Code of Reg. §11040, and 29 U.S.C. Section 201, et. seq. Section 3 of the Wage Orders

15    requires employers to pay employees one-and-one-half times their normal hourly rate for hours

16    worked in excess of eight (8) per day and in excess of forty (40) per week, and at twice the

17    normal hourly rate for hours worked in excess of twelve (12) per day and eight (8) on the

18    seventh day worked in a work week. Plaintiffs were not exempt from California and federal

19    overtime requirements.

20        14.    Plaintiffs were not engaged primarily in exempt duties nor did they perform

21    work requiring exercise of discretion and independent judgment within the meaning of those

22    terms as set out in the Wage Orders. Their job duties did not entail significant discretionary,

23    decision-making or supervisory duties. Plaintiffs were engaged in non-exempt "production"

24    work. Consequently, plaintiffs do not fall within the "administrative, executive, or

25    professional" exemptions from the overtime requirements. Plaintiffs do not fall within any

26    other exemption from the obligation to pay overtime compensation in the applicable wage

27    orders. In addition, plaintiffs were paid less than the minimum salary requirements of the

28    California and federal overtime exemptions.

-3-

COMPLAINT FOR DAMAGES AND RESTITUTION

1

## FIRST CAUSE OF ACTION

2

## VIOLATION OF CALIFORNIA LABOR CODE: UNLAWFUL FAILURE TO PAY

3

## OVERTIME COMPENSATION

4

## (Labor Code Sections 202, 203, 204, 218.5, 510, and

5

## 1194)

6   15.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

7   14 above as though fully set forth herein.

8   16.    By their failure to pay overtime compensation and other wages, as alleged above,

9   defendants have violated and continue to violate the provisions the California Labor Code and

10   Industrial Welfare Commission Wage Orders, including but not limited to Labor Code Sections

11   202, 203, 204, 218.5, 510, 1194, and IWC Wage Order 5-2001, which require the payment of

12   overtime compensation to non-exempt employees, and the payment of all wages due at time of

13   termination of employment.

14   17.    By failing to keep adequate time records required by law, defendants have made it

15   difficult to calculate the compensation due plaintiffs.

16   18.    As a direct and proximate result of defendants' unlawful acts, plaintiffs have been

17   deprived of overtime compensation, the exact amount to be determined at trial, and are entitled

18   to recovery of such unpaid wages, during the period January 1, 2004 to July 31, 2007, plus

19   interest thereon, attorneys' fees, and costs.

20   19.    Defendants, and each of them, in committing the acts alleged herein, engaged in

21   conduct that caused plaintiffs to incur damages as set forth in this Complaint.

22

## SECOND CAUSE OF ACTION

23

## VIOLATION OF FAIR LABOR STANDARDS ACT:

24

## LIQUIDATED DAMAGE FOR NON-PAYMENT OF OVERTIME

25

## (29 U.S.C. Section 201, et seq.)

26   20.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

27   19 above as though fully set forth herein.

28   21.    At all relevant times herein, plaintiffs' employment with defendants was subject to

-4-

COMPLAINT FOR DAMAGES AND RESTITUTION

1   the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C.

2   Section 201, et seq., by virtue of defendants' direct involvement in interstate commerce.

3       22.    FLSA, 29 U.S.C. Section 207 requires all employees to be paid overtime for work

4   performed in excess of forty hours per week, unless specifically exempted by the law.

5       23.    Although plaintiffs were not exempt during their employment with defendants,

6   defendants knowingly caused, suffered, and permitted plaintiffs to regularly work in excess of

7   forty hours per week without paying plaintiffs overtime compensation.  Defendants had been

8   fully aware of the hours worked by, and the duties assigned to, plaintiffs.

9       24.    By not paying overtime wages in compliance with FLSA, defendants violated

10  plaintiffs' rights under FLSA.

11      25.    As a direct and proximate result of defendants' unlawful acts, plaintiffs have been

12  deprived of overtime compensation.

13      26.    Defendants intentionally, with reckless disregard for their responsibilities under the

14  FLSA, and without good cause, failed to pay plaintiffs their proper pay, and thus defendants

15  are liable to plaintiffs for liquidated damages in an amount equal to their lost income, pursuant

16  to 29 U.S.C. Section 216(b) of the FLSA.

17      27.    Plaintiffs were required to retain attorney for bringing this action and are entitled to

18  an award of reasonable attorney's fees pursuant to 29 U.S.C. Section 216(b) of the FLSA.

19                          **THIRD CAUSE OF ACTION**

20                          **WAITING TIME PENALTIES**

21                      **(Labor Code Section 200, et seq.)**

22      28.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

23  27 above as though fully set forth herein.

24      29.    Labor Code §201 requires an employer who discharges an employee to pay

25  compensation due and owing to said employee immediately upon discharge.  Labor Code §202

26  requires an employer to pay an employee who has resigned all compensation due and owing

27  within 72 hours.  Labor Code §203 provides that an employer who willfully fails to pay

28  compensation promptly upon discharge or resignation, as required under §201, is liable for

-5-

COMPLAINT FOR DAMAGES AND RESTITUTION

1   waiting time penalties in the form of continued compensation for up to thirty (30) workdays.

2       30.     Defendants willfully failed and refused to timely pay overtime pay to plaintiff as

3   required by the Labor Code.  As a consequence of defendants' unlawful practices, plaintiffs

4   have suffered losses measurable as all earnings and penalties during the statutory period at

5   appropriate interest rates.

6       31.     Defendants, and each of them, in committing the acts alleged herein engaged in

7   conduct that caused plaintiffs to incur damages as set forth in this Complaint.

8                              **FOURTH CAUSE OF ACTION**

9                       **FAILURE TO FURNISH WAGE STATEMENTS**

10                              **(Labor Code §226)**

11      32.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

12   31 above as though fully set forth herein.

13      33.     Labor Code § 226(a) requires employers semi-monthly or at the time of each

14   payment of wages to furnish each employee with a statement itemizing, *inter alia*, the total

15   hours worked by the employee.  Labor Code § 226(b) provides that if an employer knowingly

16   and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the

17   employee, then the employee is entitled to recover the greater of all actual damages or fifty

18   dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent

19   violation, up to four thousand dollars ($4,000.00).

20      34.     Defendants knowingly and intentionally failed to furnish plaintiffs with timely,

21   itemized statements showing the total hours worked, as required by Labor Code §226(a).  As a

22   result, defendants are liable to plaintiffs for the amounts provided by Labor Code §226(b).

23      35.     Defendants, and each of them, in committing the acts alleged herein engaged in

24   conduct that caused plaintiffs to incur damages as set forth in this Complaint.

25                               **FIFTH CAUSE OF ACTION**

26                   **UNFAIR AND UNLAWFUL BUSINESS PRACTICES**

27               **(Business and Professions Code Sections 17200 *et seq.*)**

28      36.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

-6-

COMPLAINT FOR DAMAGES AND RESTITUTION

1  36 as though fully set forth herein.

2      37.    Plaintiffs brings this action as individuals and on behalf of similarly situated

3  employees to enjoin defendants from engaging in unlawful business practices of failing to pay

4  their employees overtime compensation and wage penalties, from which they illicitly profit.

5      38.    Plaintiffs are informed and believe and thereon allege that defendants and their

6  agents and employees, and DOES 1 through X, inclusive, govern, manage and/or operate their

7  business for the purpose of and benefit of the public at large.  Plaintiffs, in bringing this cause

8  of action, act as an individual, as injured members of the general public, and on behalf of the

9  public at large.

10      39.    Defendants, and each of them, have failed to comply with state law governing

11  payment of overtime compensation, and penalties, including but not limited to Labor Code

12  Sections 201, 203, 218.5, 510, 1194, the IWC Wage Orders, and FLSA, 29 USC Section 201,

13  et seq., as herein alleged.

14      40.    Defendants' practice of failing to pay overtime compensation and penalties to

15  plaintiffs and other employees of defendants constitutes unfair competition in violation of

16  Business and Professions Code sections 17200, *et seq.*, thereby justifying the imposition of

17  penalties imposed by statute, injunctive relief, restitutionary relief and damages allowed by

18  law.

19      41.    Plaintiffs are informed and believe and thereon allege that defendants performed the

20  above described unfair business practices for the purpose of injuring plaintiffs and other

21  employees of defendants and for the purpose of gaining an unfair business advantage.

22      42.    As a proximate result of the above described unfair business practices of

23  defendants, defendants wrongfully acquired money from plaintiffs and other employees of

24  defendants.

25      43.    As a proximate result of the above described unfair business practices of

26  defendants, plaintiffs and other employees of defendants have been injured in an amount

27  representing all unpaid overtime compensation and unpaid penalties, in an amount according to

28  proof at trial.

COMPLAINT FOR DAMAGES AND RESTITUTION

1

<u>PRAYER</u>

2

**WHEREFORE**, plaintiffs prays for judgment against defendants as follows:

3      1.    That plaintiffs be awarded an amount equal to all unpaid wages, including interest

4 thereon, and penalties, in a sum according to proof, but in excess of the minimum jurisdiction of

5 this court; and

6      2.    That plaintiffs be awarded reasonable attorneys' fees and costs pursuant to Labor

7 Code Sections 218.5 and 226; Code of Civil Procedure Sections 1021.5; 29 U.S.C 216(b) of

8 the FLSA, and other applicable law; and

9      3.    That plaintiffs be awarded waiting time penalties, wage statement penalties, and

10 other penalties; and

11      4.    That plaintiffs be awarded liquidated damages in the amount of the unpaid overtime

12 compensation, pursuant to 29 U.S.C 216(b) of the FLSA; and

13      5.    That this Court issue an order requiring defendants to make restitution of all money

14 or property acquired by defendants as a result of the unlawful business practices to plaintiffs

15 and to similarly situated employees, pursuant to the Fifth Cause of Action; and

16      6.    For such other and further relief as the court may deem just and proper.

17

18 Dated: December 18, 2007

19

20                     By:

                                          Bryan J. McCormack, Esq.

21                                           Attorney for Plaintiffs

22

23

24

25

26

27

28

-8-

# EXHIBIT B

# SUMMONS ON AMENDED COMPLAINT
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMRAT PATEL and RAMILA PATEL, husband and wife, SBS HOSPITALITY, INC., a California corporation, SEA CLIFF MOTOR INN, a partnership, and DOES I THROUGH X,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-07-470527

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bryan J. McCormack                          415-440-6662    415-776-5687
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

DATE:                                    Clerk, by _____ , Deputy
*(Fecha)*                                   *(Secretario)*                                              *(Adjunto)*

'For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*'Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT B

1    BRYAN J. McCORMACK, SBN 192418
     MCCORMACK LAW FIRM
2    120 Montgomery Street, Suite #1600
     San Francisco, CA 94104
3    Telephone:    (415) 440-6662
     Facsimile:    (415) 776-5687
4
     Attorneys for Plaintiffs
5    FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

6

7                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      IN AND FOR COUNTY OF SAN FRANCISCO

9                            UNLIMITED JURISDICTION

10

11   FAROOQ KUNDIWALA and ZAREEN    )   CASE NO.: CGC-07-470527
     KUNDIWALA, husband and wife,    )
12                                   )   **FIRST AMENDED COMPLAINT FOR**
           Plaintiffs,               )   **DAMAGES AND RESTITUTION**
13                                   )
           vs.                       )   (1) **VIOLATION OF CALIFORNIA**
14                                   )       **LABOR CODE: UNLAWFUL**
     AMRAT PATEL and RAMILA PATEL,   )       **FAILURE TO PAY OVERTIME**
15   husband and wife, SBS HOSPITALITY, )     **COMPENSATION**
     INC., a California corporation, SEA CLIFF )  (2) **VIOLATION OF THE FAIR**
16   MOTOR INN, a partnership, and DOES I )       **LABOR STANDARDS ACT:**
     THROUGH X,                      )           **LIQUIDATED DAMAGES FOR**
17                                   )           **NON-PAYMENT OF OVERTIME**
           Defendants.               )   (3) **WAITING TIME PENALTIES**
18                                   )   (4) **WAGE STATEMENT**
                                     )       **PENALTIES**
19                                   )   (5) **UNFAIR AND UNLAWFUL**
                                     )       **BUSINESS PRACTICES**
20                                   )
                                     )
21   _____)

22         COMES NOW PLAINTIFFS FAROOQ KUDIWALA and ZAREEN KUNDIWALA

23   and allege as follows:

24                           **GENERAL ALLEGATIONS**

25         1.     Plaintiffs are informed and believe, and thereupon allege, that at all times

26   mentioned herein, defendants AMRAT PATEL and RAMILA PATEL, husband and wife,

27   were partners of SEA CLIFF MOTOR INN, and that SBS HOSPITALITY, INC., a California

28   corporation, was a partner of SEA CLIFF MOTOR INN (hereinafter collectively referred to as

                                         -1-

                    COMPLAINT FOR DAMAGES AND RESTITUTION

1 │ "defendants.")

2 │     2.      Plaintiffs FAROOQ ZUNDIWALA and ZAREEN ZUNDIWALA, husband and

3 │ wife, were employees of defendants and worked at defendants' motel, Days Inn At The Beach,

4 │ located in San Francisco, California, during the period December 4, 2002 to July 31, 2007.

5 │     3.      Plaintiffs are ignorant of the true names and capacities of the defendants sued herein

6 │ as DOES I through X and, therefore, sues these defendants by such fictitious names. Plaintiffs

7 │ will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs

8 │ are informed and believe and thereon allege that each of said fictitiously named defendants is

9 │ negligently responsible in some manner for the occurrences herein alleged, and that plaintiffs'

10 │ injuries as herein alleged were proximately caused by said negligence.

11 │     4.      Plaintiffs are informed and believe, and based upon such information and belief

12 │ allege, that at all times herein mentioned, each of the defendants named herein was the agent and

13 │ employee of the remaining defendants and was acting within the course and scope of said agency

14 │ and employment.

15 │ **FACTUAL ALLEGATIONS**

16 │     5.      Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

17 │ 4 above as though fully set forth herein.

18 │     6.      While employed with defendants, plaintiff FAROOQ KUNDIWALA performed the

19 │ non-exempt duties of hotel clerk and manger. He was expected to work in excess of 40 hours

20 │ per week and typically worked approximately twelve hours per day, seven days per week.

21 │     7.      During the period January 1, 2004 to July 31, 2007, defendants paid FAROOQ

22 │ KUNDIWALA a salary of $1,850.00 per month each. Defendants did not pay him overtime

23 │ compensation.

24 │     8.      While employed with defendants, plaintiff ZAREEN KUNDIWALA performed the

25 │ non-exempt duties of hotel clerk. She was expected to work in excess of 40 hours per week

26 │ and typically worked approximately twelve hours per day, seven days per week.

27 │     9.      During the period January 1, 2004 to July 31, 2007, defendants paid ZAREEN

28 │ KUNDIWALA a salary of $1,850.00 per month each. Defendants did not pay her overtime

-2-

COMPLAINT FOR DAMAGES AND RESTITUTION

1  compensation.

2      10.    On or July 31, 2007, defendants terminated the employment of FAROOQ

3  KUNDIWALA and ZAREEN KUNDIWALA.

4      11.    At all times during plaintiffs' employment, defendants had a consistent policy of

5  permitting, encouraging, and/or requiring plaintiffs to work in excess of eight (8) hours per day

6  and in excess of forty (40) hours per week without paying overtime compensation, as required

7  by California and federal wage and hour laws, and knowingly and intentionally failing to

8  furnish timely itemized statements accurately showing total hours worked by plaintiffs.

9      12.    Despite plaintiffs' requests to be paid for all hours worked and to be paid overtime

10 compensation, defendants willfully failed and refused, and continue to fail and refuse, to timely

11 pay plaintiff such compensation due to plaintiffs.

12     13.    During their employment with defendants, plaintiffs were covered by

13 Labor Code §510, California Industrial Welfare Commission Occupational Wage Orders,

14 8 Cal. Code of Reg. §11040, and 29 U.S.C. Section 201, et. seq.  Section 3 of the Wage Orders

15 requires employers to pay employees one-and-one-half times their normal hourly rate for hours

16 worked in excess of eight (8) per day and in excess of forty (40) per week, and at twice the

17 normal hourly rate for hours worked in excess of twelve (12) per day and eight (8) on the

18 seventh day worked in a work week.  Plaintiffs were not exempt from California and federal

19 overtime requirements.

20     14.    Plaintiffs were not engaged primarily in exempt duties nor did they perform

21 work requiring exercise of discretion and independent judgment within the meaning of those

22 terms as set out in the Wage Orders. Their job duties did not entail significant discretionary,

23 decision-making or supervisory duties.  Plaintiffs were engaged in non-exempt "production"

24 work.  Consequently, plaintiffs do not fall within the "administrative, executive, or

25 professional" exemptions from the overtime requirements.  Plaintiffs do not fall within any

26 other exemption from the obligation to pay overtime compensation in the applicable wage

27 orders.  In addition, plaintiffs were paid less than the minimum salary requirements of the

28 California and federal overtime exemptions.

-3-

COMPLAINT FOR DAMAGES AND RESTITUTION

**FIRST CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE: UNLAWFUL FAILURE TO PAY**

**OVERTIME COMPENSATION**

**(Labor Code Sections 202, 203, 204, 218.5, 510, and**

**1194)**

15.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 14 above as though fully set forth herein.

16.    By their failure to pay overtime compensation and other wages, as alleged above, defendants have violated and continue to violate the provisions the California Labor Code and Industrial Welfare Commission Wage Orders, including but not limited to Labor Code Sections 202, 203, 204, 218.5, 510, 1194, and IWC Wage Order 5-2001, which require the payment of overtime compensation to non-exempt employees, and the payment of all wages due at time of termination of employment.

17.    By failing to keep adequate time records required by law, defendants have made it difficult to calculate the compensation due plaintiffs.

18.    As a direct and proximate result of defendants' unlawful acts, plaintiffs have been deprived of overtime compensation, the exact amount to be determined at trial, and are entitled to recovery of such unpaid wages, during the period January 1, 2004 to July 31, 2007, plus interest thereon, attorneys' fees, and costs.

19.    Defendants, and each of them, in committing the acts alleged herein, engaged in conduct that caused plaintiffs to incur damages as set forth in this Complaint.

**SECOND CAUSE OF ACTION**

**VIOLATION OF FAIR LABOR STANDARDS ACT:**

**LIQUIDATED DAMAGE FOR NON-PAYMENT OF OVERTIME**

**(29 U.S.C. Section 201, et seq.)**

20.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

21.    At all relevant times herein, plaintiffs' employment with defendants was subject to

-4-

1    the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C.

2    Section 201, et seq., by virtue of defendants' direct involvement in interstate commerce.

3        22.    FLSA, 29 U.S.C. Section 207 requires all employees to be paid overtime for work

4    performed in excess of forty hours per week, unless specifically exempted by the law.

5        23.    Although plaintiffs were not exempt during their employment with defendants,

6    defendants knowingly caused, suffered, and permitted plaintiffs to regularly work in excess of

7    forty hours per week without paying plaintiffs overtime compensation.  Defendants had been

8    fully aware of the hours worked by, and the duties assigned to, plaintiffs.

9        24.    By not paying overtime wages in compliance with FLSA, defendants violated

10   plaintiffs' rights under FLSA.

11       25.    As a direct and proximate result of defendants' unlawful acts, plaintiffs have been

12   deprived of overtime compensation.

13       26.    Defendants intentionally, with reckless disregard for their responsibilities under the

14   FLSA, and without good cause, failed to pay plaintiffs their proper pay, and thus defendants

15   are liable to plaintiffs for liquidated damages in an amount equal to their lost income, pursuant

16   to 29 U.S.C. Section 216(b) of the FLSA.

17       27.    Plaintiffs were required to retain attorney for bringing this action and are entitled to

18   an award of reasonable attorney's fees pursuant to 29 U.S.C. Section 216(b) of the FLSA.

19                                      **THIRD CAUSE OF ACTION**

20                                **WAITING TIME PENALTIES**

21                       **(Labor Code Section 200, et seq.)**

22       28.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

23   27 above as though fully set forth herein.

24       29.    Labor Code §201 requires an employer who discharges an employee to pay

25   compensation due and owing to said employee immediately upon discharge.  Labor Code §202

26   requires an employer to pay an employee who has resigned all compensation due and owing

27   within 72 hours.  Labor Code §203 provides that an employer who willfully fails to pay

28   compensation promptly upon discharge or resignation, as required under §201, is liable for

1 waiting time penalties in the form of continued compensation for up to thirty (30) workdays.

2    30.    Defendants willfully failed and refused to timely pay overtime pay to plaintiff as

3 required by the Labor Code. As a consequence of defendants' unlawful practices, plaintiffs

4 have suffered losses measurable as all earnings and penalties during the statutory period at

5 appropriate interest rates.

6    31.    Defendants, and each of them, in committing the acts alleged herein engaged in

7 conduct that caused plaintiffs to incur damages as set forth in this Complaint.

8                        **FOURTH CAUSE OF ACTION**

9                    **FAILURE TO FURNISH WAGE STATEMENTS**

10                            **(Labor Code §226)**

11    32.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

12 31 above as though fully set forth herein.

13    33.    Labor Code § 226(a) requires employers semi-monthly or at the time of each

14 payment of wages to furnish each employee with a statement itemizing, *inter alia*, the total

15 hours worked by the employee.  Labor Code § 226(b) provides that if an employer knowingly

16 and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the

17 employee, then the employee is entitled to recover the greater of all actual damages or fifty

18 dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent

19 violation, up to four thousand dollars ($4,000.00).

20    34.    Defendants knowingly and intentionally failed to furnish plaintiffs with timely,

21 itemized statements showing the total hours worked, as required by Labor Code §226(a).  As a

22 result, defendants are liable to plaintiffs for the amounts provided by Labor Code §226(b).

23    35.    Defendants, and each of them, in committing the acts alleged herein engaged in

24 conduct that caused plaintiffs to incur damages as set forth in this Complaint.

25                        **FIFTH CAUSE OF ACTION**

26                    **UNFAIR AND UNLAWFUL BUSINESS PRACTICES**

27                **(Business and Professions Code Sections 17200 *et seq.*)**

28    36.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

-6-

COMPLAINT FOR DAMAGES AND RESTITUTION

1  36 as though fully set forth herein.

2      37.    Plaintiffs brings this action as individuals and on behalf of similarly situated
3  employees to enjoin defendants from engaging in unlawful business practices of failing to pay
4  their employees overtime compensation and wage penalties, from which they illicitly profit.

5      38.    Plaintiffs are informed and believe and thereon allege that defendants and their
6  agents and employees, and DOES 1 through X, inclusive, govern, manage and/or operate their
7  business for the purpose of and benefit of the public at large.  Plaintiffs, in bringing this cause
8  of action, act as an individual, as injured members of the general public, and on behalf of the
9  public at large.

10     39.    Defendants, and each of them, have failed to comply with state law governing
11  payment of overtime compensation, and penalties, including but not limited to Labor Code
12  Sections 201, 203, 218.5, 510, 1194, the IWC Wage Orders, and FLSA, 29 USC Section 201,
13  et seq., as herein alleged.

14     40.    Defendants' practice of failing to pay overtime compensation and penalties to
15  plaintiffs and other employees of defendants constitutes unfair competition in violation of
16  Business and Professions Code sections 17200, *et seq.*, thereby justifying the imposition of
17  penalties imposed by statute, injunctive relief, restitutionary relief and damages allowed by
18  law.

19     41.    Plaintiffs are informed and believe and thereon allege that defendants performed the
20  above described unfair business practices for the purpose of injuring plaintiffs and other
21  employees of defendants and for the purpose of gaining an unfair business advantage.

22     42.    As a proximate result of the above described unfair business practices of
23  defendants, defendants wrongfully acquired money from plaintiffs and other employees of
24  defendants.

25     43.    As a proximate result of the above described unfair business practices of
26  defendants, plaintiffs and other employees of defendants have been injured in an amount
27  representing all unpaid overtime compensation and unpaid penalties, in an amount according to
28  proof at trial.

-7-

COMPLAINT FOR DAMAGES AND RESTITUTION

**PRAYER**

WHEREFORE, plaintiffs prays for judgment against defendants as follows:

1.    That plaintiffs be awarded an amount equal to all unpaid wages, including interest thereon, and penalties, in a sum according to proof, but in excess of the minimum jurisdiction of this court; and

2.    That plaintiffs be awarded reasonable attorneys' fees and costs pursuant to Labor Code Sections 218.5 and 226; Code of Civil Procedure Sections 1021.5; 29 U.S.C 216(b) of the FLSA, and other applicable law; and

3.    That plaintiffs be awarded waiting time penalties, wage statement penalties, and other penalties; and

4.    That plaintiffs be awarded liquidated damages in the amount of the unpaid overtime compensation, pursuant to 29 U.S.C 216(b) of the FLSA; and

5.    That this Court issue an order requiring defendants to make restitution of all money or property acquired by defendants as a result of the unlawful business practices to plaintiffs and to similarly situated employees, pursuant to the Fifth Cause of Action; and

6.    For such other and further relief as the court may deem just and proper.

Dated: January 30, 2007

By: _____
Bryan J. McCormack, Esq.
Attorney for Plaintiffs

-8-

COMPLAINT FOR DAMAGES AND RESTITUTION

# EXHIBIT C

SUMMONS ON AMENDED COMPLAINT
(CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMRAT PATEL and RAMILA PATEL, husband and wife, SBS
HOSPITALITY, INC., a California corporation, SEA
CLIFF MOTOR INN, a partnership, and DOES I THROUGH X,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN FRANCISCO COUNTY SUPERIOR COURT<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* CGC-07-470527 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bryan J. McCormack                                      415-440-6662    415-776-5687
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

DATE:                                      Clerk, by _____, Deputy
*(Fecha)*                                           *(Secretario)*                          *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
℗ Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT C**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Bryan J. McCormack, Esq., SB#192418<br>McCormack Law Firm<br>120 Montgomery Street, Suite 1600<br>San Francisco, CA 94104<br>  TELEPHONE NO.: 415-440-6662     FAX NO. (Optional):   415-776-5687<br>E-MAIL ADDRESS (Optional):<br>  ATTORNEY FOR (Name): Plaintiffs | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO |
|---|
|   STREET ADDRESS: 400 McAllister Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: San Francisco, CA 94102<br>  BRANCH NAME: |

PLAINTIFF/PETITIONER: FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

DEFENDANT/RESPONDENT: AMRAT PATEL, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-07-470527 |
|---|---|

TO (insert name of party being served): AMRAT PATEL

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/30/08

Bryan J. McCormack
        (TYPE OR PRINT NAME)

▶ _(signature)_
        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: (specify): Amended Summons, First Amended Complaint, Notice of Case Management Conference, ADR Information

(To be completed by recipient):
  Date this form is signed: 2/18/08
Jahmal T. Davis,
Attorney for Defendant Amrat Patel
        (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
        ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(signature)_
        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Bryan J. McCormack, Esq., SB#192418<br>McCormack Law Firm<br>120 Montgomery Street, Suite 1600<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-440-6662    FAX NO. *(Optional):*  415-776-5687<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME:

PLAINTIFF/PETITIONER: FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

DEFENDANT/RESPONDENT: AMRAT PATEL, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-07-470527 |
|---|---|

TO *(insert name of party being served):* RAMILA PATEL

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 1/30/08

Bryan J. McCormack
    (TYPE OR PRINT NAME)    ▶    *(signature)*    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Amended Summons, First Amended Complaint, Notice of Case Management Conference, ADR Information

*(To be completed by recipient):*
Date this form is signed: 2/18/08
Jahmal T. Davis,
Attorney for Defendant Ramila Patel

▶ *(signature)*

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions™<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Bryan J. McCormack, Esq., SB#192418<br>McCormack Law Firm<br>120 Montgomery Street, Suite 1600<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-440-6662   FAX NO. *(Optional):*  415-776-5687<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME:

PLAINTIFF/PETITIONER: FAROOQ KUNDIWALA and ZAREEN KUNDIWALA

DEFENDANT/RESPONDENT: AMRAT PATEL, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-07-470527 |
|---|---|

TO *(insert name of party being served):* SBS HOSPITALITY, INC., a California corporation

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/30/08

Bryan J. McCormack
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [ ] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Amended Summons, First Amended Complaint, Notice of Case Management Conference, ADR Information

*(To be completed by recipient):*
Date this form is signed: 2/18/08

Jahmal T. Davis,
Attorney for Defendant SBS Hospitality, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

# EXHIBIT D

1   HANSON BRIDGETT LLP
    SANDRA L. RAPPAPORT - 172990
2   JAHMAL T. DAVIS - 191504
    srappaport@hansonbridgett.com
3   jdavis@hansonbridgett.com
    425 Market Street, 26th Floor
4   San Francisco, CA  94105
    Telephone:   (415) 777-3200
5   Facsimile:    (415) 541-9366

6   Attorneys for Defendants
    AMRAT PATEL, RAMILA PATEL AND SBS HOSPITALITY,
7   INC.

F I L E D
Superior Court of California
County of San Francisco

MAR 1 2 2008

GORDON, PARK-LI, Clerk
BY: _____
              Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  CITY AND COUNTY OF SAN FRANCISCO

10

11  FAROOQ KUNDIWALA and ZAREEN          No. CGC-07-470527
    KUNDIWALA, husband and wife,,
12                                       DEFENDANTS AMRAT PATEL, RAMILA
                Plaintiffs,              PATEL AND SBS HOSPITALITY, INC.'S
13                                       ANSWER TO COMPLAINT
          v.                                          AMENDED
14
    AMRAT PATEL and RAMILA PATEL,
15  husband and wife, SBS HOSPITALITY,
    INC., a California corporation, SEA
16  CLIFF MOTOR INN, a partnership ,

17              Defendants.

18

19                        **GENERAL DENIAL**

20         Pursuant to California Code of Civil Procedure, Section 431.30(d), Defendants

21  Amrat Patel, Ramila Patel and SBS Hospitality, Inc. ("Defendants"), generally deny each

22  and every material allegation contained in Plaintiffs Farooq Kundiwala and Zareen

23  Kundiwala's ("Plaintiffs") unverified Complaint and deny that Plaintiffs have suffered any

24  damage in any manner alleged or in any amount as a result of the alleged acts and

25  omissions of Defendants.

26              **SEPARATE AND AFFIRMATIVE DEFENSES**

27         Defendants hereby assert the following separate and affirmative defenses to

28  Plaintiffs' Complaint:

                                    - 1 -

DEFENDANTS AMRAT PATEL, RAMILA PATEL AND SBS HOSPITALITY, INC.'S
ANSWER TO COMPLAINT                                              1426404.1

                           **EXHIBIT D**

## FIRST DEFENSE

Plaintiffs' Complaint and each cause of action contained therein fails to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred, in whole or in part, by the applicable statute of limitations, including but not limited to, those set forth in California Code of Civil Procedure Sections 337, 338, 339 and 340, California Business and Professions Code Section 17208 and Fair Labor Standards Act ("FLSA") 29 U.S.C. Section 255(a).

## THIRD DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred by the doctrines of waiver, estoppel and consent.

## FOURTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred to the extent that Plaintiffs are exempt from the overtime compensation requirements of California and federal law.

## FIFTH DEFENSE

Defendants' alleged acts or omissions, if any, were in good faith, and Defendants had reasonable grounds for believing that the alleged acts or omissions did not violate any provision of the FLSA, the California Labor Code or any order of the California Industrial Welfare Commission relating to minimum wage or overtime compensation.

## SIXTH DEFENSE

A good faith dispute exists as to whether any wages were owed and, therefore, Plaintiffs are precluded from recovery.

/ / /

/ / /

/ / /

/ / /

1426404.1

### SEVENTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein, fails to state a claim against Defendants sufficient to impose penalties or liquidated damages, including but not limited to alleged penalties pursuant to California Labor Code Sections 203, 210, 1194.2, 2699-2699.5, U.S.C. 216(b) of the FLSA and 29 C.F.R. 578.3.

### EIGHTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred, in whole or in part, by the doctrine of laches.

### NINTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred, in whole or in part, by the doctrine of unclean hands.

### TENTH DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred, in whole or in part, to the extent that Plaintiffs have failed to make reasonable efforts to mitigate their alleged damages, if any.

### ELEVENTH DEFENSE

Defendants' conduct and activities conformed to applicable California State and federal statutes, regulations, and case law interpretations, and any request for equitable relief is moot.

### TWELFTH DEFENSE

Plaintiffs are not entitled to equitable relief as they have an adequate remedy at law.

### THIRTEENTH DEFENSE

Plaintiffs are not entitled to penalties or liquidated damages because any acts or omissions were in good faith.

/ / /

/ / /

/ / /

- 3 -

### FOURTEENTH DEFENSE

Plaintiffs' Complaint and each cause of action therein is barred because Defendants entered into a reasonable agreement with Plaintiffs to provide the compensation of which Plaintiff complains in exchange for the duties and hours Plaintiffs were required to work. 29 C.F.R. Section 785.23; *Brewer v. Patel*, 20 Cal.App.4th 1017, 1021.

### FIFTEENTH DEFENSE

Plaintiffs' Complaint and each cause of action therein is barred because Plaintiffs lack the capacity to sue.

### SIXTEENTH DEFENSE

Defendants are entitled to reimbursement and a setoff of amounts reflecting losses and cash shortages Defendants suffered as a result of Plaintiffs' willful and dishonest conduct.

### RESERVATION OF RIGHT

Defendants reserve the right to assert additional defenses if Defendants become aware of the existence of such defenses arising during the course of discovery.

WHEREFORE, Defendants pray as follows:

1.    That Plaintiffs take nothing by this action;

2.    That judgment be entered in Defendants' favor;

3.    That Defendants recover their costs in this proceeding, including reasonable attorneys' fees;

4.    That Defendants recover damages for the losses and cash shortages Defendants suffered because of Plaintiffs willful and dishonest conduct; and

/ / /

/ / /

/ / /

/ / /

/ / /

- 4 -

5.    That the Court grant such other and further relief as it deems appropriate.

DATED: March _12_, 2008                    HANSON BRIDGETT LLP


                                            By: _____
                                            SANDRA L. RAPPAPORT
                                            JAHMAL T. DAVIS
                                            Attorneys for Defendants
                                            AMRAT PATEL, RAMILA PATEL AND
                                            SBS HOSPITALITY, INC.

- 5 -

PROOF OF SERVICE

*Farooq Kundiwala and Zareen Kundiwala v. Amrat Patel, et al.*

**Case No. CGC-07-470527**

I, Joanne Leong, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Farooq Kundiwala and Zareen Kundiwala v. Amrat Patel, et al.*; that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On March 12, 2008, I served a true and accurate copy of the document(s) entitled:

**DEFENDANTS AMRAT PATEL, RAMILA PATEL AND SBS HOSPITALITY, INC.'S ANSWER TO COMPLAINT**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

Bryan J. McCormack
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

[X]    (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor, San Francisco, California 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on March 12, 2008 at San Francisco, California.

_____
Joanne Leong

- 1 -

PROOF OF SERVICE

1432596.1

# EXHIBIT E

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Bryan J. McCormack, Esq., SB#192418
McCormack Law Firm
120 Montgomery Street, Suite 1600
San Francisco, CA 94104

TELEPHONE NO.: 415-440-6662    FAX NO.: 415-776-5687
ATTORNEY FOR *(Name)*: Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

**FILED**
San Francisco County Superior Court

DEC 2 8 2007

GORDON PARK-LI, Clerk
BY Deborah Steppe
DEBORAH STEPPE, Deputy Clerk

CASE NAME: KUNDIWALA v. PATEL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-07-470527 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter  □ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
□ Auto (22)
□ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
□ Asbestos (04)
□ Product liability (24)
□ Medical malpractice (45)
□ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
□ Business tort/unfair business practice (07)
□ Civil rights (08)
□ Defamation (13)
□ Fraud (16)
□ Intellectual property (19)
□ Professional negligence (25)
□ Other non-PI/PD/WD tort (35)

**Employment**
□ Wrongful termination (36)
[X] Other employment (15)

**Contract**
□ Breach of contract/warranty (06)
□ Rule 3.740 collections (09)
□ Other collections (09)
□ Insurance coverage (18)
□ Other contract (37)

**Real Property**
□ Eminent domain/Inverse condemnation (14)
□ Wrongful eviction (33)
□ Other real property (26)

**Unlawful Detainer**
□ Commercial (31)
□ Residential (32)
□ Drugs (38)

**Judicial Review**
□ Asset forfeiture (05)
□ Petition re: arbitration award (11)
□ Writ of mandate (02)
□ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
□ Antitrust/Trade regulation (03)
□ Construction defect (10)
□ Mass tort (40)
□ Securities litigation (28)
□ Environmental/Toxic tort (30)
□ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
□ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
□ RICO (27)
□ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
□ Partnership and corporate governance (21)
□ Other petition *(not specified above)* (43)

2. This case □ is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. □ Large number of separately represented parties
   b. □ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. □ Substantial amount of documentary evidence
   d. □ Large number of witnesses
   e. □ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. □ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. □ nonmonetary; declaratory or injunctive relief  c. □ punitive
4. Number of causes of action *(specify)*: 5
5. This case □ is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/27/07

Bryan J. McCormack, Esq., SB#192418
*(TYPE OR PRINT NAME)*                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT E**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> DATE: MAY-30-2008
>
> TIME: 9:00AM
>
> PLACE: Department 212
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges



# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California
County of San Francisco**

ADR-1   10/07 (ja)

Page 1



## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

 

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.




# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

 

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.



A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

ADR-1   10/07 (ja)



### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.



## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

# EARLY SETTLEMENT PROGRAM

## Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar.  The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute.  The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference.  A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case.  The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court.  Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.



If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

 

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation          ☐ **Mediation Services of BASF**     ☐ **Judicial Mediation**
☐ Binding arbitration                                              Judge _____
☐ Non-binding judicial arbitration                                Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06                STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

 

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | | | |
|---|---|---|---|
| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: | |
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | | |

| |
|---|
| **A CASE MANAGEMENT CONFERENCE is scheduled as follows:** |
| Date:                    Time:                    Dept.:                    Div.:                    Room: |
| Address of court *(if different from the address above):* |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*




 

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

  a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

        **Party**        **Description**        **Date**

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

    Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY)

_____  ▶ _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY)

                                                 ☐ Additional signatures are attached









# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

### Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# E-filing

FAROOQ KUNDIWALA,

        Plaintiff (s),

    v.

AMRAT PATEL,

        Defendant(s).

No. C 08-01436 JSW

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

       IT IS HEREBY ORDERED that this action is assigned to the Honorable Jeffrey S. White. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

       IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 3/13/2008 | Notice of removal filed | |
| 6/6/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 6/20/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil_L.R . 16-9 |
| 6/27/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom 2, 17th floor at 1:30 PM | Civil_L.R. 16-10 |

\*   If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

**EXHIBIT 2**

# CIVIL STANDING ORDERS

1.    **Conformity to Rules.**  Counsel are expected to consult and comply with all provisions of the Local Rules and the Federal Rules of Civil Procedure relating to motions, briefs, continuances, and all other matters, unless specifically superceded by these Standing Orders. Any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

2.    **Scheduling days.**  Prior to noticing a motion, counsel shall check the scheduling information on this Court's website to confirm open and available dates. However, noticed days may be reset as the Court's calendar requires, with order of call to be determined by the Court. Motions shall be noticed in accordance with the following times:

      a.    Civil Law and Motion calendar is conducted on Fridays at 9:00 a.m.

      b.    Case Management Conferences are conducted on Fridays at 1:30 p.m.

      c.    Pretrial conferences are conducted on Mondays at 2:00 p.m.  Trials are set to commence on Mondays at 8:30 a.m.

      d.    By 4:00 p.m. on the first court date preceding any hearing, parties participating in the e-filing program shall check the e-filing system to determine whether there has been a tentative ruling issued in their matter (or a ruling with respect to requests for specific issues to be addressed during oral argument).

      e.    Before appearing for a matter before this Court, all parties shall check the Court's calendar at www.cand.uscourts.gov or the posting in the Clerk's Office to confirm that their matter is still on calendar.

3.    **Changes to Court Calendar.**  No changes to the Court's schedule shall be made except by signed order of the Court and only upon a showing of good cause.  Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make any other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, a Motion for Administrative Relief, as contemplated by Civil Local Rule 7-11. Continuances will be granted only upon a showing of good cause, particularly focusing on evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

      Briefing schedules may not be changed by stipulation; the parties must obtain leave of court.  Parties seeking to enlarge a filing deadline by way of a Motion for Administrative Relief are admonished to such a motion in advance of the filing deadline, rather than on the day a brief or other matter is due.

4.    **Chambers Copy.**  A copy of all documents filed both electronically and manually with the Clerk's Office shall be submitted to the Clerk's Office in an envelope clearly marked with the case number and "JSW Chambers Copy" no later than noon on the next business day after the document is filed.

5.    **Case Management Conference Statements.** Joint case management statements are required and must be filed five court days in advance of the case management conference date. Counsel shall conform to all elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement." *See* N.D. Civ. L.R. 16-9. In cases involving pro se litigants, the parties may file separate case management statements.

6.    **Motions**. All briefs, whether in support of, in opposition to, or in reply to any motion, with the exception of summary judgment motions and claims construction briefs, may not exceed fifteen pages in length, exclusive of title pages, indices of cases, table of contents, exhibits, and summaries of argument, if required. All declarations shall be filed as separate documents. Briefs exceeding ten pages in length must contain an additional one- page summary of argument, including reference to any important cases cited.

7.    **Discovery and Discovery Motions.** Except as specifically set forth below, no motions regarding discovery disputes may be filed without prior leave of Court.

If a dispute arises during a deposition and involves a persistent obstruction of the deposition or a refusal to answer a material question on the basis of any ground other than privilege or the work product doctrine, counsel may arrange a telephonic conference with the Court through contact with Chambers at (415) 522-4160. Any such conference shall be attended by the court reporter recording the deposition.

All other requests for discovery relief must be summarized jointly by the parties in a *joint* letter brief no longer than four pages. The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred in person and must concisely summarize those remaining issues that counsel were unable to resolve. The joint letter brief may cite to limited and specific legal authority only for resolution of dispositive issues. The joint letter brief may not be accompanied by declarations; however any specific excerpt of disputed discovery material may be attached. The Court will then advise the parties if additional briefing or a telephonic conference will be necessary.

This provision applies only to cases in which discovery is supervised by this Court rather than the magistrate judge. The Court, at its discretion, may elect to transfer discovery matters to a magistrate judge or a special master.

8.    **Motions for Summary Judgment.** All issues shall be contained within one motion, may not exceed twenty-five pages in length, and shall conform with Civil Local Rule 7-2. Absent of a showing of good cause, the Court will address only one motion for summary judgment per party or side. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if completely agreed upon.

9.    **Proposed Orders Required.** Each party filing or opposing a motion shall also serve a proposed order that sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt. The proposed

order should be filed at the same time as the motion or opposition.

10.    **Communication with Court.**  Counsel shall not attempt to make contact by telephone, facsimile, or any other *ex parte* means with the Court or its chambers staff, but may contact the Courtroom Deputy Clerk, Jennifer Ottolini, at (415) 522-4173 with appropriate inquiries. Counsel should list their facsimile transmission numbers as well as their telephone numbers on their papers to facilitate communication with the Courtroom Deputy.  All counsel listed on the parties' briefing must be fully apprised of the status of the pending matter and must be authorized to respond to calendar settings by the Court.

11.    **Grounds for Recusal.**  Parties are directed to inform the Court of any and all reasonable bases for recusal at the earliest possible date, and no later than the initial case management conference.  *See also* Standing Order on Recusal.

12.    **Service of Standing Orders.**  Plaintiff (or in the case of removed cases, any removing defendant) is directed to serve copies of these standing orders at once upon all parties to their action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure, Rules 4 and 5, and to file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-6(a).

**IT IS SO ORDERED.**

_Jeffrey S. White_

_____
JEFFREY S. WHITE
United States District Court

2/07 rev.

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

E-filing    CV 08    1436    JSW

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that – it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

**Submitting Initiating Documents**

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
| --- | --- |
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Version 5/14/2007

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

magcons.ntc (rev. 10/99)

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

_____ , which is case number _____
(CAPTION OF ACTION)                                          (DOCKET NUMBER)

in the United States District Court for the _____ District of

_____ . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
DATE                                    SIGNATURE

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                  (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as    (B) _____ of (C) _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court

for the (D) _____ District of _____

and has been assigned docket number (E) _____ .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of

_____ , _____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
# 415.522.2000
### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted.  We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11. There are no filing fees once a case has been opened.

12. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the <u>complaint</u>. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14. Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15. A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16. The Clerk's Office can only accept payment by **<u>exact change or check</u>** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17. Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18. We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## DROP BOX FILING PROCEDURES

1.      The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.      The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.      Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**. Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.      After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.      If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope **"FOR MESSENGER PICK UP BY:   (NAME, FIRM) ."** Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.      A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.      Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.