| | |
|---|---|
| 1 | HANSON BRIDGETT LLP |
| | SANDRA L. RAPPAPORT - 172990 |
| 2 | srappaport@hansonbridgett.com |
| | JAHMAL T. DAVIS - 191504 |
| 3 | jdavis@hansonbridgett.com |
| | 425 Market Street, 26th Floor |
| 4 | San Francisco, CA  94105 |
| | Telephone:   (415) 777-3200 |
| 5 | Facsimile:   (415) 541-9366 |
| 6 | Attorneys for Defendants |
| | AMRAT PATEL, RAMILA PATEL, SBS HOSPITALITY, |
| 7 | INC., and SEA CLIFF MOTOR INN |
| 8 | MCCORMACK LAW FIRM |
| | Bryan J. McCormack |
| 9 | bryan@mccormacklawfirm.com |
| 10 | 120 Montgomery Street, Suite 1600 |
| | San Francisco, CA  94104 |
| 11 | Telephone:   (415) 440-6662 |
| | Facsimile:    (415) 776-5687 |
| 12 | |
| | Attorney for Plaintiffs |
| 13 | FAROOQ KUNDIWALA and ZAREEN KUNDIWALA |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROOQ KUNDIWALA and ZAREEN KUNDIWALA, husband and wife, | No. CV 08-01436 JSW |
| Plaintiffs, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| v. | |
| AMRAT PATEL and RAMILA PATEL, husband and wife, SBS HOSPITALITY, INC., a California corporation, SEA CLIFF MOTOR INN, a partnership, | Date:         July 18, 2008 |
| | Time:         1:30 p.m. |
| | Courtroom: 2 |
| Defendants. | Judge:         Jeffrey S. White |

Pursuant to Civil L.R. 16-9(a), the parties to the above-entitled action certify that they met and conferred prior to the case management conference scheduled in this case and jointly submit this Case Management Statement.

1. Jurisdiction and Service:

The case was initially filed in San Francisco County Superior Court on December 28, 2007 (*San Francisco County Superior Court, Case No. CGC-07-470527*). Defendants thereafter removed the case to this court on federal question grounds as Plaintiff alleges a claim for violation of the Fair Labor Standards Act 29 U.S.C. Section 201. The Parties hereby submit to the jurisdiction of this Court

All parties have been served in this action.

2. Disputed Factual Issues:

**Plaintiffs:** Plaintiffs were non-exempt hotel employees employed by Defendants. Although Plaintiffs worked more than eight hours per day and 40 hours per week, Defendants failed to pay them overtime compensation. Defendants also failed to keep track of the hours worked by plaintiff.

**Defendants:** Defendants hired Plaintiffs as residential managers of Defendants' Days Inn Hotel. Plaintiffs resided on the hotel premises and were paid a salary to perform the normal duties of resident managers. During slow periods and times where no work was required, Plaintiffs were free to engage in personal activities such as eating, sleeping, entertaining guests, watching television, and even leaving the premises to tend to their own needs or pleasures. Plaintiffs were employed from 2002 through July 31, 2007. Plaintiffs' job duties did not require that they work eight-hour days. In fact, their duties required so little time that both of their duties are presently handled by a single person. Plaintiffs did not work overtime and are not entitled to any damages in this action.

/ / /

/ / /

/ / /

- 1 -

3. <u>Legal Issues Raised by Plaintiff:</u>

Plaintiffs raise the following legal theories: (1) Violation of the Fair Labor Standards Act, claiming entitlement to liquidated damages for failure to pay overtime; (2) Failure to pay overtime in violation of the California Labor Code; (3) Violation of Labor Code Section 215, claiming entitlement to waiting time penalties; (4) Violation of Labor Code Section 226, alleging that Defendants failed to provide Plaintiffs with proper wage statements; and (5) Unfair and unlawful business practices in violation of Business and Professions Code section 17200.

4. <u>Motions:</u>

Defendants anticipate filing a motion for summary judgment.

5. <u>Amendment of Pleadings:</u>

Plaintiffs filed their First Amended Complaint on February 1, 2008, prior to Defendants' Notice of Removal of this action. No further amendments are anticipated.

6. <u>Evidence Preservation:</u>

Both parties have met and conferred and confirmed the preservation of all electronic and other evidence.

7. <u>Disclosures:</u>

The parties engaged in an initial meet-and-confer pursuant to Federal Rule of Civil Procedure 26(f) on or about April 25, 2008. The parties exchanged initial disclosures pursuant to Rule 26(a)(1) on May 29, 2008.

8. <u>Discovery:</u>

Both parties have propounded and responded to one set of document requests. Defendants took one day of deposition testimony from each of the Plaintiffs and have reserved the right to complete the depositions in the event the case does not settle through the Court's alternative dispute resolution procedures.

9. <u>Class Actions:</u>

Not applicable.

/ / /

10. Related Cases:

There are no related pending cases or proceedings.

11. Relief Sought By Plaintiff:

Plaintiffs are seeking damages for unpaid overtime compensation, wage related penalties, attorney fees and costs.

Relief Sought By Defendants:

Defendants contend that Plaintiffs are not entitled to any damages. Defendants further contend that they are entitled to reimbursement and a setoff of amounts that reflect losses and cash shortages that Defendants suffered as a result of Plaintiffs' willful and dishonest conduct.

12. Settlement and ADR:

On July 1, 2008, the Court ordered that ADR be completed by September 29, 2008.

13. Consent to Magistrate Judge For All Purposes:

Defendants do not consent to have a magistrate judge conduct all further proceedings.

14. Other References:

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues:

The parties have not yet been able to agree on issues that can be narrowed for trial. However, both parties remain open, and will endeavor during the course of discovery to identify any such issues or facts that can be narrowed.

16. Expedited Schedule:

This is not the type of case that can be handled on an expedited basis.

17. Scheduling:

Defendants are not available for trial on the following dates: December 22, 2008 - January 22, 2009; April 6-30, 2009; and May 8-29, 2009.

1  Plaintiffs are not available for trial on the following dates: February 9-13, 2009;
2 March 23-27, 2009.
3  Based on the foregoing, the parties propose the following trial schedule:

| | |
|---|---|
| Expert Designation Deadline: | December 5, 2008 |
| Discovery Cutoff: | January 9, 2009 |
| Deadline to hear dispositive motions: | January 9, 2009 |
| Expert Discovery Cutoff: | February 9, 2009 |
| Pre-Trial Conference: | February 23, 2009 |
| Trial Date: | March 9, 2009 |

18. <u>Trial:</u>

The case will be tried to a jury. The expected length of trial is 7 days.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

The Parties are not aware of any non-party interested entities or persons.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: July 11, 2008                    HANSON BRIDGETT LLP


By:/s/ Jahmal T. Davis
  JAHMAL T. DAVIS
  SANDRA L. RAPPAPORT
  Attorneys for Defendants
  AMRAT PATEL, RAMILA PATEL, SBS HOSPITALITY, INC., and SEA CLIFF MOTOR INN

                                        MCCORMACK LAW FIRM
DATED: July 11, 2008


By:/s/ Bryan J. McCormack
  BRYAN J. MCCORMACK
  Attorneys for Plaintiffs
  FAROOQ KUNDIWALA and ZAREEN KUNDIWALA